**EXHIBIT A**

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

EDWARD KIJEWSKI,

    Plaintiff,

v.                         Case No.: CL18-2655-4

AMAZON.COM LLC,
    Serve: Corporation Service Co.
           Registered Agent
           100 Shockoe Slip
           2nd Floor
           Richmond, Virginia 23219

AMAZON FULFILLMENT SERVICES, INC.,
    Serve: Corporation Service Co.
           Registered Agent
           100 Shockoe Slip
           2nd Floor
           Richmond, Virginia 23219

AMAZON.COM SERVICES, INC.,
    Serve: Corporation Service Co.
           Registered Agent
           100 Shockoe Slip
           2nd Floor
           Richmond, Virginia 23219

AMAZON.COM SERVICES, INC.,
f/k/a AMAZON FULFILLMENT SERVICES, INC.,
    Serve: Corporation Service Co.
           Registered Agent
           100 Shockoe Slip
           2nd Floor
           Richmond, Virginia 23219

AMAZON.COM, INC.,
    Serve: Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

RECEIVED AND FILED
CIRCUIT COURT
MAY 25 2018
EDWARD F. JEWETT, CLERK
BY _____ D.C.

AMAZON.COM.KYDC LLC,

AMAZON.COM.KYDC, INC.,

CARAVAN GLOBAL, INC.,
     Serve:  Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

CARAVAN GLOBAL, INC.,
d/b/a CARAVAN SPORTS,
     Serve:  Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219


CARAVAN GLOBAL, INC.,
d/b/a CARAVAN CANOPY,
     Serve:  Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

CARAVAN CANOPY INTERNATIONAL, INC.,
     Serve:  Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

CARAVAN SPORTS,

CARAVAN CANOPY,

CARAVAN GLOBAL WJC,

     Defendants.

## COMPLAINT

     COMES NOW the plaintiff, Edward Kijewski, by counsel, for his Complaint, seeking

judgment and award of execution against the defendants, Amazon.com LLC, Amazon

Fulfillment Services, Inc., Amazon.com Services, Inc., Amazon.com Services, Inc., f/k/a

Amazon Fulfillment Services, Inc., Amazon.com, Inc., Amazon.com.KYDC, Inc.,

Amazon.com.KYDC LLC, Caravan Global, Inc., Caravan Global, Inc., d/b/a Caravan Sports,

Caravan Global, Inc., d/b/a Caravan Canopy , Caravan Canopy International, Inc., Caravan Sports, Caravan Canopy and Caravan Global WJC, jointly and/or severally, states as follows:

1. The plaintiff, Edward Kijewski (Kijewski), ordered and paid for two identical, new, Caravan Sports Infinity Oversized Zero Gravity Chairs through the Amazon.com website, which is owned, operated and maintained by defendant Amazon.com, Inc.

2. The intended use of the Caravan Sports Infinity Oversized Zero Gravity Chair was as a chair capable of reclining from a near-vertical position to a near-horizontal position and capable of supporting up to 330 pounds or 350 pounds.

3. The first chair was purchased on June 18, 2015, and was given an Amazon.com order number of 110-4085676-2688252 and was shipped to Kijewski on August 7, 2015.

4. The second chair was purchased on June 19, 2015, and was given an Amazon.com order number of 110-1709068-4031468 and was also shipped to Kijewski on August 7, 2015.

5. The chairs were sold by defendant Amazon.com LLC through defendant Amazon.com, Inc.'s website and defendant Amazon.com LLC was named as the seller on the Amazon.com website and order confirmation information provided to Kijewski,.

6. Amazon.com LLC was merged into defendant Amazon Fulfillment Services, Inc. on or about January 1, 2018.

7. Defendant Amazon Fulfillment Services, Inc. thereafter changed its name to Amazon.com Services, Inc.

8. One or more of defendants Amazon.com LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., Amazon.com Services, Inc., f/k/a Amazon Fulfillment Services, Inc., Amazon.com, Inc., Amazon.com.KYDC, Inc. and/or Amazon.com.KYDC LLC

(collectively the "Amazon Defendants") sold the subject chairs to Kijewski. At all relevant times, the Amazon Defendants were engaged in the business of marketing, distributing, assembling, repairing and/or selling zero gravity chairs, including the zero gravity chair that is the subject of this action.

9. One or more of the Amazon Defendants shipped the subject chairs to Kijewski and/or were part of the manufacturing and/or supply chain for the chairs.

10. The subject chairs were designed, manufactured, marketed and sold by one or more of defendants Caravan Global, Inc., Caravan Global, Inc., d/b/a Caravan Sports, Caravan Global, Inc., d/b/a Caravan Canopy , Caravan Canopy International, Inc., Caravan Sports, Caravan Canopy and/or Caravan Global WJC (collectively the "Caravan Defendants"). At all relevant times, the Caravan Defendants were engaged in the business of manufacturing, marketing, distributing, assembling, repairing and/or selling zero gravity chairs, including the zero gravity chair that is the subject of this action.

11. The subject chairs were sold, marketed and advertised by one or more of the Amazon Defendants and one or more of the Caravan Defendants as having certain qualities and characteristics, particularly with regards to the functionality of the chairs and the stated weight capacity of the chairs.

12. The marketing, advertising and labeling materials available to consumers, including Kijewski, both online and affixed to the chairs, stated that the weight capacity was 330 pounds in some places, and 350 pounds in others, with the discrepancy sometimes appearing within the text of the same marketing/advertising material or web page.

13. Kijewski, who weighed approximately 270 pounds when he purchased and used the chair, relied on the stated weight capacity of the chairs when he made his purchase.

4

14.     Upon delivery of the chairs Kijewski unboxed both chairs, but only used one of the chairs.  Both were stored inside a shed on his property, which had been converted into a living area, and the chair he used was only used indoors.

15.     From the time he received the chairs until July 2, 2016 Kijewski sat in one of the chairs approximately 20 times, but did not recline in the chair.

16.     On July 3, 2016 Kijewski, for the first time, reclined in the chair.  As he was reclining the chair broke, specifically a support bolt, metal plate and arm structure of the chair broke, throwing Kijewski violently backward, causing him to land on the floor on his head, neck and shoulders and to sustain serious physical injuries.

17.     At all relevant times, Kijewski's use of the chair was reasonably foreseeable by the defendants.

18.     At no time during his use of the chair did Kijewski ever change, alter, disassemble, repair, or replace any portion of the chair, or use it in any way other than for its intended and advertised use as a chair, capable of reclining and supporting up to 330 or 350 pounds.  The chair was used in the same condition in which it left the defendants' hands.

19.     The defendants knew or should have known, from customer ratings, comments and feedback on the Amazon.com webpage for this chair model, that numerous other customers had also had the same model chair fail, break and collapse, sustain injuries and express concerns about the stated weight ratings for the chair model, prior to the subject chairs being sold to Kijewski.

20.     The nut and bolt on the chair used by Kijewski was not properly tightened when it was sold and shipped to him or during the course of normal, intended, foreseeable use became

5

loosened, leading to added stress on the bolt and other components of the chair and leading to its failure at the time the chair broke and collapsed.

21.     In addition to the condition of the bolt on Kijewski's chair, testing of other Caravan Sports Infinity Oversized Zero Gravity Chairs and reports from other users reveals that the chair was not capable of reliably supporting the stated weight that it was marketed, advertised and sold as being capable of supporting during normal, intended, foreseeable use.

22.     The chair sold to Kijewski was in a dangerous and defective condition when it left defendants' hands and was shipped to Kijewski, who used the chair for its intended purpose as a chair capable of reclining.

23.     The design, manufacturing, labeling, marketing and advertising of the chair was relied on by Kijewski when he purchased the chair and was incorrect, inadequate, defective, dangerous and misleading in that the chair was not capable of holding the stated, advertised weight, or even Kijewski's weight, when the chair was being used as intended.

### Claim I - Negligence

24.     Kijewski realleges and incorporates paragraphs 1-23 above.

25.     The chair was unreasonably dangerous for use as a chair and a reclining chair by Kijewski.

26.     The dangerous condition of the chair existed when the chair left defendants' hands.

27.     Defendants had a duty to use ordinary care to design and manufacture the chair that was reasonably safe for its intended purpose.

28.    The chair was such that it was incapable of safely serving its intended purpose as advertised, marketed and sold as being capable of – specifically, the chair could not reliably withstand repeated dynamic loads of 330 pounds, much less 350 pounds.  The design of the chair was such that any loosening of the bolt on the chair would result in additional stress on the bolt and other related parts and cause the chair to fail with minimal use.

29.    The design of the chair further was defective in that it was structurally incapable of holding the weight it was advertised, marketed and sold to hold during normal, intended and foreseeable use.

30.    The chair left defendants' hands in an unsafe condition in that the bolt was not properly affixed to the chair, which caused added stress to the bolt and other related parts, ultimately resulting in a sudden and catastrophic failure, and the defendants negligently designed, manufactured, marketed, distributed, assembled, repaired and/or sold the zero gravity chair at issue.

31.    Defendants breached their duty in that the design and manufacture of the chair rendered it unsafe for its intended purpose.

32.    As a direct and proximate result of defendants' breach the chair broke during use by Kijewski as a chair and he sustained serious personal injuries, as detailed below.


### Claim II – Breach of Express Warranty

33.    Kijewski realleges and incorporates paragraphs 1-23 above.

34.    Defendants affirmatively stated, both on the chair and in written advertising and marketing regarding the chair, that the chair was capable of safely being used by someone weighing up to 330 pounds or 350 pounds.

7

35.    These affirmative statements created an express warranty.

36.    The chair was not capable of supporting even 330 pounds during normal, intended, foreseeable use and failed to conform to the description defendants provided.

37.    Defendants breached their express warranty.

38.    As a direct and proximate cause of defendants' breach of their express warranty Kijewski sustained serious personal injuries, as detailed below.

### Claim III – Breach of Implied Warranty of Merchantability (Design)

39.    Kijewski realleges and incorporates paragraphs 1-23 above.

40.    The defendants impliedly warranted that the zero gravity chair was of merchantable quality and fit for its intended and ordinary use, and for the general and particular purpose for which it was designed, manufactured, marketed, distributed, assembled, and sold.

41.    The chair was not fit for the purpose for which it was intended and was unreasonably dangerous in the condition it was sold to Kijewski.

42.    The design of the chair was such that it was not capable of reliably supporting the stated weight that it was marketed, advertised and sold as being capable of supporting during normal, intended, foreseeable use.

43.    The design of the chair was such that any loosening of the bolt caused stress on the bolt and related parts of the chair that caused the chair to fail at or even substantially under its stated load capacity.

44.    The design of the chair caused it to be unfit for its intended purpose as a chair capable of supporting 330 or 350 pounds.

8

45.    Defendants breached the implied warranty of merchantability due to the design defects in the chair.

46.    As a direct and proximate cause of defendants' breach of their implied warranty of merchantability Kijewski sustained serious personal injuries, as detailed below.

## Claim IV – Breach of Implied Warranty of Merchantability (Manufacture)

47.    Kijewski realleges and incorporates paragraphs 1-23 above.

48.    The defendants impliedly warranted that the zero gravity chair was of merchantable quality and fit for its intended and ordinary use, and for the general and particular purpose for which it was designed, manufactured, marketed, distributed, assembled, and sold.

49.    The chair was not fit for the purpose for which it was intended and was unreasonably dangerous in the condition it was sold to Kijewski.

50.    The condition of the chair when it was sold to Kijewski and left defendants' hands was such that it contained a manufacturing defect that created a dangerous condition in the chair.

51.    The bolt that failed was not properly affixed to the chair, which caused stress on the bolt and related parts of the chair that ultimately resulted in the failure of the chair.

52.    The bolt was either not properly affixed to the chair during original manufacturing or following repair or replacement prior to defendants' sale of the chair as new to Kijewski.

53.    The manufacturing defect in the chair caused it to be unfit for its intended purpose as a chair capable of supporting 330 or 350 pounds during normal, intended, foreseeable use.

54.    Defendants breached the implied warranty of merchantability due to the manufacturing defects in the chair.

55.     As a direct and proximate cause of defendants' breach of their implied warranty of merchantability Kijewski sustained serious personal injuries, as detailed below.

### Claim V – Breach of Implied Warranty of Merchantability (Labeling)

56.     Kijewski realleges and incorporates paragraphs 1-23 above.

57.     The chair was not fit for the purpose for which it was intended and was unreasonably dangerous in the condition it was sold to Kijewski.

58.     The defendants impliedly warranted that the zero gravity chair was of merchantable quality and fit for its intended and ordinary use, and for the general and particular purpose for which it was designed, manufactured, marketed, distributed, assembled, and sold.

59.     The chair would not pass without objection in the trade under defendants' description of the chair.

60.     The chair failed to conform to the promises and affirmations of fact made on the chair's label in that the chair was incapable of holding the amount of weight stated on the label.

61.     The chair was unfit for use by individuals under 330 pounds, including Kijewski.

62.     Defendants breached the implied warranty of merchantability due to the defective labeling on the chair.

63.     As a direct and proximate cause of defendants' breach of their implied warranty of merchantability Kijewski sustained serious personal injuries, as detailed below.

### Claim VI – Breach of Duty to Warn

64.     Kijewski realleges and incorporates paragraphs 1-23 above.

65.    Defendants knew or should have known that their chair was potentially dangerous for use by Kijewski based on negative reviews, complaints of breakage, failure and injuries caused to others who used the same model chair, complaints questioning the rated weight capacity of the chair and other information regarding this model chair provided by other purchasers of the chair.

66.    This danger was not obvious or readily discoverable by Kijewski.

67.    That failure of the chair could result in injuries should have reasonably been anticipated by defendants.

68.    Defendants had a duty to give an adequate warning of the dangers associated with the chair, and negligently failed to provide the purchaser and all persons whom the defendants might reasonably have expected to use or be effected by the use of the zero gravity chair, including Kijewski, with proper warnings and instructions concerning the use and operation of the zero gravity chair, when and after the defendants knew, or in the exercise of reasonable care should have known, that the zero gravity chair was dangerously designed, manufactured, and assembled, and when and after the defendants knew, had reason to know, or should have known, of available, adequate, and proper warnings and instructions.

69.    As a direct and proximate cause of defendants' breach of their duty to warn Kijewski sustained serious personal injuries, as detailed below.

**Injuries and Damages**

70.    As a direct and proximate result of the defendants' negligence, breach of express warranty, breach of implied warranties of merchantability and breach of duty to warn the aforementioned incident occurred and Kijewski suffered the following injuries and damages:

11

bodily injuries; physical pain and mental anguish, past, present, and that which he may be reasonably expected to suffer in the future; medical expenses, past, present, and that which he may be reasonably expected to suffer in the future; deformity, disfigurement and associated humiliation and/or embarrassment; inconvenience, past, present and that which he may be reasonably expected to suffer in the future; and has otherwise been damaged.

### MISCELLANEOUS

71.   Trial by jury is demanded.

72.   Plaintiff reserves his right to amend these pleadings as necessitated by discovery.


WHEREFORE, the plaintiff, Edward Kijewski, respectfully prays for judgment and award of execution against the defendants, Amazon.com LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., Amazon.com Services, Inc., f/k/a Amazon Fulfillment Services, Inc., Amazon.com, Inc., Amazon.com.KYDC, Inc., Amazon.com.KYDC LLC, Caravan Global, Inc., Caravan Global, Inc., d/b/a Caravan Sports, Caravan Global, Inc., d/b/a Caravan Canopy , Caravan Canopy International, Inc., Caravan Sports, Caravan Canopy and Caravan Global WJC, jointly and/or severally, in the sum of $2,800,000.00 and interest from the date of the incident, pursuant to Virginia Code §8.01-382, plus his costs and attorney fees, if applicable, expended herein.

EDWARD KIJEWSKI

Of Counsel

Elliott M. Buckner, Esq. (V.S.B. #45227)
M. Scott Bucci, Esq. (VSB# 42636)

Jeffrey N. Stedman, Esq. (VSB# 84496)
Cantor Stoneburner Ford Grana & Buckner, P.C.
7130 Glen Forest Drive, Suite 400
Richmond, Virginia  23226
Telephone:  (804)644-1400
Facsimile: (804)644-9205

# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. _CL18-2655-4_
(CLERK'S OFFICE USE ONLY)

........................ City of Richmond ........................ Circuit Court

Edward Kijewski ........................ v./In re: Amazon.Com, LLC, Amazon Fulfillment Services, Inc.
PLAINTIFF(S)                                    DEFENDANT(S)
........................ Amazon.Com Services, Inc., et al
........................ DEFENDANT(S)

I, the undersigned [X] plaintiff [ ] defendant [ ] attorney for [ ] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Counterclaim
   [ ] Monetary Damages
   [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or
   driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
   [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[X] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of
   (select one)
   [ ] ABC Board
   [ ] Board of Zoning
   [ ] Compensation Board
   [ ] DMV License Suspension
   [ ] Employee Grievance Decision
   [ ] Employment Commission
   [ ] Local Government
   [ ] Marine Resources Commission
   [ ] School Board
   [ ] Voter Registration
   [ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
   [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
   [ ] Annulment – Counterclaim/Responsive
     Pleading
[ ] Child Abuse and Neglect – Unfounded
   Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
   [ ] Complaint – Contested*
   [ ] Complaint – Uncontested*
   [ ] Counterclaim/Responsive Pleading
   [ ] Reinstatement –
     Custody/Visitation/Support/Equitable
     Distribution
[ ] Separate Maintenance
   [ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
   [ ] Guardian/Conservator
   [ ] Standby Guardian/Conservator
   [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
   [ ] Impress/Declare/Create
   [ ] Reformation
[ ] Will (select one)
   [ ] Construe
   [ ] Contested

## MISCELLANEOUS
[ ] Amend Death Certificate
[ ] Appointment (select one)
   [ ] Church Trustee
   [ ] Conservator of Peace
   [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured
   Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
   [ ] Reinstatement pursuant to § 46.2-427
   [ ] Restoration – Habitual Offender or 3rd
     Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
   [ ] Correct Erroneous State/Local
   [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[X] Damages in the amount of $ _2,800,000.00_ are claimed.

RECEIVED AND FILED
CIRCUIT COURT
MAY 25 2018
EDWARD F. JEWETT, CLERK
D.C.

_05/25/2018_
DATE

[ ] PLAINTIFF [ ] DEFENDANT [X] ATTORNEY FOR [X] PLAINTIFF
                                   [ ] DEFENDANT

Elliott M. Buckner, Esq.
PRINT NAME

7130 Glen Forest Drive Suite 400
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
Richmond, VA  23226

ebuckner@virginiatrialfirm.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

FORM CC-1416 (MASTER) PAGE ONE 07/16

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.



# CANTOR STONEBURNER FORD
# GRANA BUCKNER

Elliott M. Buckner • ebuckner@virginiatrialfirm.com • Direct Dial (804)343-4386 • Fax (804)644-9205

May 25, 2018

Richmond Circuit Court
**Civil Division (Denise or Catherine)**
400 N. Ninth Street
Richmond, VA 23219

*CL18-2655-4*

Re: *Edward Kijewski v. Amazon.Com. LLC, Amazon Fulfillment Services, Inc,
Amazon.Com Services, Inc. f/k/a Amazon Fulfillment Services, Inc., Caravan
Global, Inc. Caravan Global d/b/a Caravan Canopy et al*

Dear Mr. Jewett:

Enclosed please find a Complaint and 9 copies, with attached discovery, which I would appreciate you filing and preparing for private process service. Once the documents have been prepared please provide the documents to Served By Carroll for service.

Served By Carroll will file the Proofs of Service directly back with your office, and provide my office with a copy.

Also, enclosed is our firm check in the sum of $346.00 for payment of the filing fees. I have also enclosed an extra copy of the pleadings to be date-stamped and returned to me, along with the receipt for filing fees, in the self-addressed, stamped envelope which is enclosed.

Thank you for your cooperation and assistance in this matter.

Sincerely,

Elliott M. Buckner

emb:lct
Enc.
c.c.: Edward Kijewski

RECEIVED AND FILED
CIRCUIT COURT
MAY 2 5 2018
EDWARD F. JEWETT, CLERK
BY _____ D.C.

**EXHIBIT B** 

VIRGINIA

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

EDWARD KIJEWSKI,                   )
      Plaintiff,                  )
                        )
v.                                 )    Case No. 18-2655-00
                        )
AMAZON.COM LLC, et al.,            )
      Defendants.                 )

> RECEIVED AND FILED
> CIRCUIT COURT
> JUN 13 2018
> EDWARD F. JEWETT, CLERK
> BY_____D.C.

## AMAZON'S ANSWER AND ADDITIONAL DEFENSES

Defendants Amazon.com LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., Amazon.com Services, Inc. f/k/a Amazon Fulfillment Services, and Amazon.com, Inc. (collectively, "Amazon"), by and through their attorneys, state as follows as this Answer and Additional Defenses to the plaintiff's Complaint herein:

1.     Amazon admits, upon information and belief, that Plaintiff ordered and paid for two identical, new Caravan Sports Infinity Oversized Zero Gravity Chairs through the Amazon.com website. Amazon denies the remaining allegations contained in Paragraph 1 and calls for proof thereof.

2.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 2, and therefore denies the allegations and calls for proof thereof.

3.     Amazon admits the allegations of Paragraph 3.

4.     Amazon admits the allegations of Paragraph 4.

5.     Amazon admits the allegations of Paragraph 5.

6.     Amazon admits the allegations of Paragraph 6.

7.     Amazon admits the allegations of Paragraph 7.

8.      Amazon admits only that Amazon.com LLC sold the subject chairs to Plaintiff. Amazon denies the remaining allegations contained in Paragraph 8 and calls for proof thereof.

9.      Amazon admits only that Amazon.com LLC shipped the subject chairs to Plaintiff.  Amazon denies the remaining allegations contained in Paragraph 9 and calls for proof thereof.

10.     The allegations of Paragraph 10 are not directed to or against Amazon and do not call for a factual reply by Amazon. To the extent that the allegations are material to the Plaintiff's claims against Amazon, Amazon calls for proof of such allegations.

11.     Amazon admits only that Amazon.com LLC sold the subject chairs to Plaintiff. Amazon denies the remaining allegations contained in Paragraph 11 and calls for proof thereof.

12.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 12, and therefore denies the allegations and calls for proof thereof.

13.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 13, and therefore denies the allegations and calls for proof thereof.

14.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 14, and therefore denies the allegations and calls for proof thereof.

15.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 15, and therefore denies the allegations and calls for proof thereof.

16.     After reasonable investigation, Amazon lacks sufficient information or knowledge

to admit or deny the truth of the allegations contained in Paragraph 16, and therefore denies the allegations and calls for proof thereof.

17.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 17, and therefore denies the allegations and calls for proof thereof.

18.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 18, and therefore denies the allegations and calls for proof thereof.

19.     To the extent that the allegations of Paragraph 19 are directed to Amazon, Amazon denies these allegations.  To the extent that the allegations of Paragraph 19 are directed to defendants other than Amazon, Amazon lacks sufficient information or knowledge to admit or deny the truth of these allegations and therefore denies the allegations and calls for proof thereof.

20.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 20, and therefore denies the allegations and calls for proof thereof.

21.     After reasonable investigation, Amazon lacks sufficient information or knowledge to admit or deny the truth of the allegations contained in Paragraph 21, and therefore denies the allegations and calls for proof thereof.

22.     Amazon denies the allegations of Paragraph 22.

23.     Amazon denies the allegations of Paragraph 23.

**"Claim I - Negligence"**

24.     In response to Paragraph 24, Amazon repeats and incorporates its responses to Paragraphs 1 through 23 above.

25.   Amazon denies the allegations of Paragraph 25.

26.   Amazon denies the allegations of Paragraph 26.

27.   The allegations contained in Paragraph 27 constitute conclusions of law to which no response is required. To the extent a response is required to such allegations, Amazon denies the allegations.

28.   Amazon denies the allegations of Paragraph 28.

29.   Amazon denies the allegations of Paragraph 29.

30.   Amazon denies the allegations of Paragraph 30.

31.   Amazon denies the allegations of Paragraph 31.

32.   Amazon denies the allegations of Paragraph 32.

### "Claim II - Breach of Express Warranty"

33.   In response to Paragraph 33, Amazon repeats and incorporates its responses to Paragraphs 1 through 23 above.

34.   Amazon denies the allegations of Paragraph 34 as phrased and calls for proof thereof.

35.   The allegations contained in Paragraph 35 constitute conclusions of law to which no response is required. To the extent a response is required to such allegations, Amazon denies the allegations as phrased.

36.   Amazon denies the allegations of Paragraph 36.

37.   Amazon denies the allegations of Paragraph 37.

38.   Amazon denies the allegations of Paragraph 38.

### "Claim III - Breach of Implied Warranty of Merchantability (Design)"

39.   In response to Paragraph 39, Amazon repeats and incorporates its responses to

Paragraphs 1 through 23 above.

40.     The allegations contained in Paragraph 40 constitute conclusions of law to which

no response is required. To the extent a response is required to such allegations, Amazon denies

these allegations.

41.     Amazon denies the allegations of Paragraph 41.

42.     Amazon denies the allegations of Paragraph 42.

43.     Amazon denies the allegations of Paragraph 43.

44.     Amazon denies the allegations of Paragraph 44.

45.     Amazon denies the allegations of Paragraph 45.

46.     Amazon denies the allegations of Paragraph 46.

**"Claim IV - Breach of Implied Warranty of Merchantability (Manufacture)"**

47.     In response to Paragraph 47, Amazon repeats and incorporates its responses to

Paragraphs 1 through 23 above.

48.     The allegations contained in Paragraph 48 constitute conclusions of law to which

no response is required. To the extent a response is required to such allegations, Amazon denies

these allegations.

49.     Amazon denies the allegations of Paragraph 49.

50.     Amazon denies the allegations of Paragraph 50.

51.     Amazon denies the allegations of Paragraph 51.

52.     Amazon denies the allegations of Paragraph 52.

53.     Amazon denies the allegations of Paragraph 53.

54.     Amazon denies the allegations of Paragraph 54.

55.     Amazon denies the allegations of Paragraph 55.

**"Claim V - Breach of Implied Warranty of Merchantability (Labeling)"**

56.     In response to Paragraph 56, Amazon repeats and incorporates its responses to Paragraphs 1 through 23 above.

57.     Amazon denies the allegations of Paragraph 57.

58.     The allegations contained in Paragraph 58 constitute conclusions of law to which no response is required. To the extent a response is required to such allegations, Amazon denies these allegations.

59.     Amazon denies the allegations of Paragraph 59.

60.     Amazon denies the allegations of Paragraph 60.

61.     Amazon denies the allegations of Paragraph 61.

62.     Amazon denies the allegations of Paragraph 62.

63.     Amazon denies the allegations of Paragraph 63.

**"Claim VI - Breach of Duty to Warn"**

64.     In response to Paragraph 64, Amazon repeats and incorporates its responses to Paragraphs 1 through 23 above.

65.     Amazon denies the allegations of Paragraph 65.

66.     Amazon denies the allegations of Paragraph 66.

67.     Amazon denies the allegations of Paragraph 67.

68.     The allegations contained in Paragraph 68 constitute conclusions of law to which no response is required. To the extent a response is required to such allegations, Amazon denies the allegations.

69.     Amazon denies the allegations of Paragraph 69.

70.     Amazon denies the allegations of Paragraph 70 and calls for proof thereof.

71.     Paragraph 71 does not assert allegations of fact requiring or calling for a response from Amazon.

72.     Paragraph 72 does not assert allegations of fact requiring or calling for a response from Amazon.

## ADDITIONAL DEFENSES

73.     The Complaint, and each separate count thereof, fail to state a claim against Amazon upon which relief can be granted.

74.     The events and damages alleged in the Complaint, if proven, were caused by circumstances, forces or events not within the control of Amazon, and for which Amazon is not responsible.

75.     Amazon denies that Plaintiff has accurately described any warranties made by Amazon and calls for proof thereof, and Amazon will rely on the terms and conditions of any applicable warranties, including any disclaimer or limitation of any express and/or implied warranties. Amazon specifically denies that the alleged damage, if proven, resulted from the breach of any warranty, express or implied, by Amazon.

76.     Without presently affirmatively asserting the same, Amazon reserves the right to amend its response herein and to aver that Plaintiff knowingly and intentionally assumed the risks, if any, inherent in the use of the product which he has alleged gave rise to his claimed damages.

77.     Without presently affirmatively asserting the same, Amazon reserves the right to amend its response herein and to aver that Plaintiff was contributorily negligent, which was a direct and proximate cause of his alleged injuries, damages and/or other losses.

78.     If Plaintiff proves any of the injuries, damages and/or other losses he has alleged

in the Complaint, there was an intervening cause or causes leading to such injuries, damages, and/or losses, and therefore, any action on the part of Amazon was not the proximate cause of the alleged injuries, damages or losses.

79.     If Plaintiff proves any of the injuries, damages and/or other losses he has alleged in the Complaint, such alleged injuries, damages and/or losses were caused solely by acts or omissions of one or more third persons or entities, including but not limited to the acts or omissions act of persons or entities presently unknown to Amazon, over whom this defendant had no control or right of control, and for whose conduct Amazon is not responsible.

80.     Amazon reserves the right to assert and aver, to the extent applicable after further discovery and investigation, that Plaintiff's (and/or others') use of the product at issue was improper or not in accordance with recommended and/or correct procedures and/or uses, and that such product was abused, misused and applied for purposes other than those which were indicated or intended by the manufacturer and/or the seller, and/or foreseeable to, the manufacturer and/or Amazon.

81.     If Plaintiff alleges and establishes that any product literature, labeling, and or instructions were inadequate or deficient in any respect, then Amazon states that it did not create or issue such literature, labeling and/or instructions, and further reserves the right to assert and aver that any alleged inadequacy or deficiency was not the legal and/or proximate cause of the plaintiff's decision to use the product and/or of the manner of such use, and therefore were not the proximate cause of any of the damages alleged.

82.     While denying that Amazon designed or manufactured the subject product, Amazon further asserts that the product at issue was not defective or unreasonably dangerous as designed, manufactured, sold and/or distributed.

83.     Amazon reserves the right to assert and aver, to the extent applicable after further discovery and investigation, that Plaintiff's claims should be barred, or his recovery reduced, due to his failure to mitigate his damages.

84.     Amazon reserves the right to rely on, and intends to rely on, all affirmative defenses which are available to it according to the law and the evidence, including all facts which may hereafter become known during discovery and/or at trial. Specifically, without limitation, to the extent applicable after further discovery and investigation, Amazon reserves the right to assert and rely on the defenses of accord and satisfaction, waiver and estoppel, res judicata, collateral estoppel, failure to join a necessary and indispensable party or parties, that the benefits of the design and manufacture of the product outweigh the risks, if any, associated with it, and that the product was not in substantially the same condition at the time of the alleged occurrence as it was when it left the hands of the manufacturer and/or seller.

85.     Amazon reserves the right to assert, if applicable after further discovery, that some or all of Plaintiff's claims set forth in the Complaint were at the time of the filing of this action and are now, barred by the statute of limitations, and/or the doctrine of laches.

86.     Amazon denies that Plaintiff is entitled to the relief claimed in the Complaint and/or in any of the counts set forth therein.

87.     Amazon denies all allegations of negligence or other wrongdoing, and denies that it breached any warranty or duty whatsoever owing or allegedly owing to Plaintiff, and further denies that any alleged wrongful act or omission, or any alleged breach of any duty on this defendant's part, of any sort whatsoever, proximately caused and/or contributed to the alleged accident and/or the alleged injuries, damages or other losses to Plaintiff.

88.     Amazon denies that Plaintiff sustained damages in the manner or to the extent

claimed in the Complaint and demands strict proof of every element of damages claimed.

89.     To the extent that the product(s) described in Plaintiff's Complaint was (were) sold with a disclaimer of warranties, Amazon pleads such disclaimer as a complete defense to Plaintiff's claims herein.

90.     To the extent that the product(s) described in Plaintiff's Complaint was (were) sold with a limitation of warranties, Amazon pleads such limitation as a complete defense to Plaintiff's claims herein.

91.     Amazon is not liable to Plaintiff inasmuch as Amazon did not manufacture, sell, supply, or distribute a dangerous or defective product and had neither actual nor constructive notice of any alleged dangerous or defective product, all allegations of any alleged defect and/or dangerous product being otherwise specifically denied.

92.     Amazon denies that it is indebted to Plaintiff in the amount claimed or in any amount whatsoever.

93.     Amazon prays that every material allegation of the Complaint that it has not specifically admitted above be taken as denied and calls for proof of any and all such allegations.

WHEREFORE, Amazon respectfully requests that this Court grant judgment in its favor, that this matter be dismissed, and that it be awarded costs and such other relief as may be appropriate.

Respectfully submitted,

AMAZON.COM LLC,
AMAZON FULFILLMENT SERVICES, INC.,
AMAZON.COM SERVICES, INC.,
AMAZON.COM SERVICES, INC. f/k/a AMAZON
FULFILLMENT SERVICES, INC. and
AMAZON.COM, INC.,
By counsel

Michael J. Garnier (VSB #23994)
Robert L. Garnier (VSB #33026)
Garnier & Garnier, P.C.
2579 John Milton Drive, Suite 200
Herndon, Virginia 20171
(703) 237-2010 / Fax (703) 390-9323
mjgarnier@garnierlaw.com
rlgarnier@garnierlaw.com
Attorneys for Amazon

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 12, 2018, a true copy of the foregoing Amazon's Answer and Additional Defenses were mailed to:

Elliott M. Buckner, Esq.
M. Scott Bucci, Esq.
Jeffrey N. Stedman, Esq.
Cantor Stoneburner Ford Grana &
Buckner, P.C.
7130 Glen Forest Drive, Suite 400
Richmond, VA 23226

Robert L. Garnier

# GARNIER & GARNIER, P.C.

### ATTORNEYS AT LAW

MICHAEL J. GARNIER*
ROBERT L. GARNIER*
*ALSO ADMITTED IN D.C.

JEAN-PIERRE GARNIER
(1933-2009)

June 12, 2018

*Via Federal Express*

Hon. Edward F. Jewett, Clerk
City of Richmond Circuit Court
John Marshall Courts Building
400 North 9th Street
Richmond, VA 23219

> RECEIVED AND FILED
> CIRCUIT COURT
> JUN 1 3 2018  10:3?
> EDWARD F. JEWETT, CLERK
> BY_____ D.C.

Re:   *Edward Kijewski v. Amazon.com LLC, et al.*
       Case No. 18-2655-00

Dear Mr. Jewett:

I have enclosed for filing in the case referenced above Amazon's Answer and Additional Defenses.

Please do not hesitate to contact me should you need any additional information. Thank you for your kind assistance.

Very truly yours,

Robert L. Garnier

Enclosure
cc:   Elliott M. Buckner, Esq.

**EXHIBIT C**

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

*AMAZON FULFILLMENT SERVICES*

To: AMAZON.COM SERVICES, INC F/K/A   Case No. 760CL18002655-00
CORPORATION SERVICE CO.
REG AGENT
100 SHOCKOE SLIP
2ND FLR
RICHMOND VA 23219

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, May 25, 2018

Clerk of Court: EDWARD F JEWETT

by _____
( CLERK / DEPUTY CLERK )

Instructions:


Hearing Official:


Attorney's name:   BUCKNER, ELLIOTT M
CANTOR STONEBURNER FORD GRANA
& BUCKNER P.C. 804-644-1400

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

EDWARD KIJEWSKI,

    Plaintiff,

v.                             Case No.: _____

AMAZON.COM LLC,
        Serve:  Corporation Service Co.
               Registered Agent
               100 Shockoe Slip
               2nd Floor
               Richmond, Virginia 23219

AMAZON FULFILLMENT SERVICES, INC.,
        Serve:  Corporation Service Co.
               Registered Agent
               100 Shockoe Slip
               2nd Floor
               Richmond, Virginia 23219

AMAZON.COM SERVICES, INC.,
        Serve:  Corporation Service Co.
               Registered Agent
               100 Shockoe Slip
               2nd Floor
               Richmond, Virginia 23219

AMAZON.COM SERVICES, INC.,
f/k/a AMAZON FULFILLMENT SERVICES, INC.,
        Serve:  Corporation Service Co.
               Registered Agent
               100 Shockoe Slip
               2nd Floor
               Richmond, Virginia 23219

AMAZON.COM, INC.,
        Serve:  Secretary of the Commonwealth
               1111 East Broad Street, 4th Floor
               Richmond, Virginia 23219

1

AMAZON.COM.KYDC LLC,

AMAZON.COM.KYDC, INC.,

CARAVAN GLOBAL, INC.,
      Serve:  Secretary of the Commonwealth
              1111 East Broad Street, 4th Floor
              Richmond, Virginia 23219

CARAVAN GLOBAL, INC.,
d/b/a CARAVAN SPORTS,
      Serve:  Secretary of the Commonwealth
              1111 East Broad Street, 4th Floor
              Richmond, Virginia 23219

CARAVAN GLOBAL, INC.,
d/b/a CARAVAN CANOPY,
      Serve:  Secretary of the Commonwealth
              1111 East Broad Street, 4th Floor
              Richmond, Virginia 23219

CARAVAN CANOPY INTERNATIONAL, INC.,
      Serve:  Secretary of the Commonwealth
              1111 East Broad Street, 4th Floor
              Richmond, Virginia 23219

CARAVAN SPORTS,

CARAVAN CANOPY,

CARAVAN GLOBAL WJC,

      Defendants.

## **COMPLAINT**

COMES NOW the plaintiff, Edward Kijewski, by counsel, for his Complaint, seeking

judgment and award of execution against the defendants, Amazon.com LLC, Amazon

Fulfillment Services, Inc., Amazon.com Services, Inc., Amazon.com Services, Inc., f/k/a

Amazon Fulfillment Services, Inc., Amazon.com, Inc., Amazon.com.KYDC, Inc.,

Amazon.com.KYDC LLC, Caravan Global, Inc., Caravan Global, Inc., d/b/a Caravan Sports,

2

Caravan Global, Inc., d/b/a Caravan Canopy , Caravan Canopy International, Inc., Caravan

Sports, Caravan Canopy and Caravan Global WJC, jointly and/or severally, states as follows:

1.      The plaintiff, Edward Kijewski (Kijewski), ordered and paid for two identical,

new, Caravan Sports Infinity Oversized Zero Gravity Chairs through the Amazon.com website,

which is owned, operated and maintained by defendant Amazon.com, Inc.

2.      The intended use of the Caravan Sports Infinity Oversized Zero Gravity Chair

was as a chair capable of reclining from a near-vertical position to a near-horizontal position and

capable of supporting up to 330 pounds or 350 pounds.

3.      The first chair was purchased on June 18, 2015, and was given an Amazon.com

order number of 110-4085676-2688252 and was shipped to Kijewski on August 7, 2015.

4.      The second chair was purchased on June 19, 2015, and was given an

Amazon.com order number of 110-1709068-4031468 and was also shipped to Kijewski on

August 7, 2015.

5.      The chairs were sold by defendant Amazon.com LLC through defendant

Amazon.com, Inc.'s website and defendant Amazon.com LLC was named as the seller on the

Amazon.com website and order confirmation information provided to Kijewski,.

6.      Amazon.com LLC was merged into defendant Amazon Fulfillment Services, Inc.

on or about January 1, 2018.

7.      Defendant Amazon Fulfillment Services, Inc. thereafter changed its name to

Amazon.com Services, Inc.

8.      One or more of defendants Amazon.com LLC, Amazon Fulfillment Services,

Inc., Amazon.com Services, Inc., Amazon.com Services, Inc., f/k/a Amazon Fulfillment

Services, Inc., Amazon.com, Inc., Amazon.com.KYDC, Inc. and/or Amazon.com.KYDC LLC

(collectively the "Amazon Defendants") sold the subject chairs to Kijewski. At all relevant times, the Amazon Defendants were engaged in the business of marketing, distributing, assembling, repairing and/or selling zero gravity chairs, including the zero gravity chair that is the subject of this action.

9. One or more of the Amazon Defendants shipped the subject chairs to Kijewski and/or were part of the manufacturing and/or supply chain for the chairs.

10. The subject chairs were designed, manufactured, marketed and sold by one or more of defendants Caravan Global, Inc., Caravan Global, Inc., d/b/a Caravan Sports, Caravan Global, Inc., d/b/a Caravan Canopy , Caravan Canopy International, Inc., Caravan Sports, Caravan Canopy and/or Caravan Global WJC (collectively the "Caravan Defendants"). At all relevant times, the Caravan Defendants were engaged in the business of manufacturing, marketing, distributing, assembling, repairing and/or selling zero gravity chairs, including the zero gravity chair that is the subject of this action.

11. The subject chairs were sold, marketed and advertised by one or more of the Amazon Defendants and one or more of the Caravan Defendants as having certain qualities and characteristics, particularly with regards to the functionality of the chairs and the stated weight capacity of the chairs.

12. The marketing, advertising and labeling materials available to consumers, including Kijewski, both online and affixed to the chairs, stated that the weight capacity was 330 pounds in some places, and 350 pounds in others, with the discrepancy sometimes appearing within the text of the same marketing/advertising material or web page.

13. Kijewski, who weighed approximately 270 pounds when he purchased and used the chair, relied on the stated weight capacity of the chairs when he made his purchase.

4

14.    Upon delivery of the chairs Kijewski unboxed both chairs, but only used one of the chairs.  Both were stored inside a shed on his property, which had been converted into a living area, and the chair he used was only used indoors.

15.    From the time he received the chairs until July 2, 2016 Kijewski sat in one of the chairs approximately 20 times, but did not recline in the chair.

16.    On July 3, 2016 Kijewski, for the first time, reclined in the chair.  As he was reclining the chair broke, specifically a support bolt, metal plate and arm structure of the chair broke, throwing Kijewski violently backward, causing him to land on the floor on his head, neck and shoulders and to sustain serious physical injuries.

17.    At all relevant times, Kijewski's use of the chair was reasonably foreseeable by the defendants.

18.    At no time during his use of the chair did Kijewski ever change, alter, disassemble, repair, or replace any portion of the chair, or use it in any way other than for its intended and advertised use as a chair, capable of reclining and supporting up to 330 or 350 pounds.  The chair was used in the same condition in which it left the defendants' hands.

19.    The defendants knew or should have known, from customer ratings, comments and feedback on the Amazon.com webpage for this chair model, that numerous other customers had also had the same model chair fail, break and collapse, sustain injuries and express concerns about the stated weight ratings for the chair model, prior to the subject chairs being sold to Kijewski.

20.    The nut and bolt on the chair used by Kijewski was not properly tightened when it was sold and shipped to him or during the course of normal, intended, foreseeable use became

loosened, leading to added stress on the bolt and other components of the chair and leading to its failure at the time the chair broke and collapsed.

21.     In addition to the condition of the bolt on Kijewski's chair, testing of other Caravan Sports Infinity Oversized Zero Gravity Chairs and reports from other users reveals that the chair was not capable of reliably supporting the stated weight that it was marketed, advertised and sold as being capable of supporting during normal, intended, foreseeable use.

22.     The chair sold to Kijewski was in a dangerous and defective condition when it left defendants' hands and was shipped to Kijewski, who used the chair for its intended purpose as a chair capable of reclining.

23.     The design, manufacturing, labeling, marketing and advertising of the chair was relied on by Kijewski when he purchased the chair and was incorrect, inadequate, defective, dangerous and misleading in that the chair was not capable of holding the stated, advertised weight, or even Kijewski's weight, when the chair was being used as intended.

### Claim I - Negligence

24.     Kijewski realleges and incorporates paragraphs 1-23 above.

25.     The chair was unreasonably dangerous for use as a chair and a reclining chair by Kijewski.

26.     The dangerous condition of the chair existed when the chair left defendants' hands.

27.     Defendants had a duty to use ordinary care to design and manufacture the chair that was reasonably safe for its intended purpose.

28.     The chair was such that it was incapable of safely serving its intended purpose as advertised, marketed and sold as being capable of – specifically, the chair could not reliably withstand repeated dynamic loads of 330 pounds, much less 350 pounds. The design of the chair was such that any loosening of the bolt on the chair would result in additional stress on the bolt and other related parts and cause the chair to fail with minimal use.

29.     The design of the chair further was defective in that it was structurally incapable of holding the weight it was advertised, marketed and sold to hold during normal, intended and foreseeable use.

30.     The chair left defendants' hands in an unsafe condition in that the bolt was not properly affixed to the chair, which caused added stress to the bolt and other related parts, ultimately resulting in a sudden and catastrophic failure, and the defendants negligently designed, manufactured, marketed, distributed, assembled, repaired and/or sold the zero gravity chair at issue.

31.     Defendants breached their duty in that the design and manufacture of the chair rendered it unsafe for its intended purpose.

32.     As a direct and proximate result of defendants' breach the chair broke during use by Kijewski as a chair and he sustained serious personal injuries, as detailed below.

## Claim II – Breach of Express Warranty

33.     Kijewski realleges and incorporates paragraphs 1-23 above.

34.     Defendants affirmatively stated, both on the chair and in written advertising and marketing regarding the chair, that the chair was capable of safely being used by someone weighing up to 330 pounds or 350 pounds.

7

35.   These affirmative statements created an express warranty.

36.   The chair was not capable of supporting even 330 pounds during normal, intended, foreseeable use and failed to conform to the description defendants provided.

37.   Defendants breached their express warranty.

38.   As a direct and proximate cause of defendants' breach of their express warranty Kijewski sustained serious personal injuries, as detailed below.

### Claim III – Breach of Implied Warranty of Merchantability (Design)

39.   Kijewski realleges and incorporates paragraphs 1-23 above.

40.   The defendants impliedly warranted that the zero gravity chair was of merchantable quality and fit for its intended and ordinary use, and for the general and particular purpose for which it was designed, manufactured, marketed, distributed, assembled, and sold.

41.   The chair was not fit for the purpose for which it was intended and was unreasonably dangerous in the condition it was sold to Kijewski.

42.   The design of the chair was such that it was not capable of reliably supporting the stated weight that it was marketed, advertised and sold as being capable of supporting during normal, intended, foreseeable use.

43.   The design of the chair was such that any loosening of the bolt caused stress on the bolt and related parts of the chair that caused the chair to fail at or even substantially under its stated load capacity.

44.   The design of the chair caused it to be unfit for its intended purpose as a chair capable of supporting 330 or 350 pounds.

45.   Defendants breached the implied warranty of merchantability due to the design defects in the chair.

46.   As a direct and proximate cause of defendants' breach of their implied warranty of merchantability Kijewski sustained serious personal injuries, as detailed below.

## Claim IV – Breach of Implied Warranty of Merchantability (Manufacture)

47.   Kijewski realleges and incorporates paragraphs 1-23 above.

48.   The defendants impliedly warranted that the zero gravity chair was of merchantable quality and fit for its intended and ordinary use, and for the general and particular purpose for which it was designed, manufactured, marketed, distributed, assembled, and sold.

49.   The chair was not fit for the purpose for which it was intended and was unreasonably dangerous in the condition it was sold to Kijewski.

50.   The condition of the chair when it was sold to Kijewski and left defendants' hands was such that it contained a manufacturing defect that created a dangerous condition in the chair.

51.   The bolt that failed was not properly affixed to the chair, which caused stress on the bolt and related parts of the chair that ultimately resulted in the failure of the chair.

52.   The bolt was either not properly affixed to the chair during original manufacturing or following repair or replacement prior to defendants' sale of the chair as new to Kijewski.

53.   The manufacturing defect in the chair caused it to be unfit for its intended purpose as a chair capable of supporting 330 or 350 pounds during normal, intended, foreseeable use.

54.   Defendants breached the implied warranty of merchantability due to the manufacturing defects in the chair.

9

55.     As a direct and proximate cause of defendants' breach of their implied warranty

of merchantability Kijewski sustained serious personal injuries, as detailed below.


### Claim V – Breach of Implied Warranty of Merchantability (Labeling)

56.     Kijewski realleges and incorporates paragraphs 1-23 above.

57.     The chair was not fit for the purpose for which it was intended and was

unreasonably dangerous in the condition it was sold to Kijewski.

58.     The defendants impliedly warranted that the zero gravity chair was of

merchantable quality and fit for its intended and ordinary use, and for the general and particular

purpose for which it was designed, manufactured, marketed, distributed, assembled, and sold.

59.     The chair would not pass without objection in the trade under defendants'

description of the chair.

60.     The chair failed to conform to the promises and affirmations of fact made on the

chair's label in that the chair was incapable of holding the amount of weight stated on the label.

61.     The chair was unfit for use by individuals under 330 pounds, including Kijewski.

62.     Defendants breached the implied warranty of merchantability due to the defective

labeling on the chair.

63.     As a direct and proximate cause of defendants' breach of their implied warranty

of merchantability Kijewski sustained serious personal injuries, as detailed below.


### Claim VI – Breach of Duty to Warn

64.     Kijewski realleges and incorporates paragraphs 1-23 above.

65.    Defendants knew or should have known that their chair was potentially dangerous for use by Kijewski based on negative reviews, complaints of breakage, failure and injuries caused to others who used the same model chair, complaints questioning the rated weight capacity of the chair and other information regarding this model chair provided by other purchasers of the chair.

66.    This danger was not obvious or readily discoverable by Kijewski.

67.    That failure of the chair could result in injuries should have reasonably been anticipated by defendants.

68.    Defendants had a duty to give an adequate warning of the dangers associated with the chair, and negligently failed to provide the purchaser and all persons whom the defendants might reasonably have expected to use or be effected by the use of the zero gravity chair, including Kijewski, with proper warnings and instructions concerning the use and operation of the zero gravity chair, when and after the defendants knew, or in the exercise of reasonable care should have known, that the zero gravity chair was dangerously designed, manufactured, and assembled, and when and after the defendants knew, had reason to know, or should have known, of available, adequate, and proper warnings and instructions.

69.    As a direct and proximate cause of defendants' breach of their duty to warn Kijewski sustained serious personal injuries, as detailed below.

## Injuries and Damages

70.    As a direct and proximate result of the defendants' negligence, breach of express warranty, breach of implied warranties of merchantability and breach of duty to warn the aforementioned incident occurred and Kijewski suffered the following injuries and damages:

11

bodily injuries; physical pain and mental anguish, past, present, and that which he may be reasonably expected to suffer in the future; medical expenses, past, present, and that which he may be reasonably expected to suffer in the future; deformity, disfigurement and associated humiliation and/or embarrassment; inconvenience, past, present and that which he may be reasonably expected to suffer in the future; and has otherwise been damaged.

### MISCELLANEOUS

71.    Trial by jury is demanded.

72.    Plaintiff reserves his right to amend these pleadings as necessitated by discovery.

WHEREFORE, the plaintiff, Edward Kijewski, respectfully prays for judgment and award of execution against the defendants, Amazon.com LLC, Amazon Fulfillment Services, Inc., Amazon.com Services, Inc., Amazon.com Services, Inc., f/k/a Amazon Fulfillment Services, Inc., Amazon.com, Inc., Amazon.com.KYDC, Inc., Amazon.com.KYDC LLC, Caravan Global, Inc., Caravan Global, Inc., d/b/a Caravan Sports, Caravan Global, Inc., d/b/a Caravan Canopy , Caravan Canopy International, Inc., Caravan Sports, Caravan Canopy and Caravan Global WJC, jointly and/or severally, in the sum of $2,800,000.00 and interest from the date of the incident, pursuant to Virginia Code §8.01-382, plus his costs and attorney fees, if applicable, expended herein.

EDWARD KIJEWSKI

Of Counsel

Elliott M. Buckner, Esq. (V.S.B. #45227)
M. Scott Bucci, Esq. (VSB# 42636)

Jeffrey N. Stedman, Esq. (VSB# 84496)
Cantor Stoneburner Ford Grana & Buckner, P.C.
7130 Glen Forest Drive, Suite 400
Richmond, Virginia   23226
Telephone:  (804)644-1400
Facsimile: (804)644-9205

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

EDWARD KIJEWSKI,

    Plaintiff,

v.                                      Case No.: _____

AMAZON.COM LLC,
    Serve:  Corporation Service Co.
              Registered Agent
              100 Shockoe Slip
              2nd Floor
              Richmond, Virginia 23219

AMAZON FULFILLMENT SERVICES, INC.,
    Serve:  Corporation Service Co.
              Registered Agent
              100 Shockoe Slip
              2nd Floor
              Richmond, Virginia 23219

AMAZON.COM SERVICES, INC.,
    Serve:  Corporation Service Co.
              Registered Agent
              100 Shockoe Slip
              2nd Floor
              Richmond, Virginia 23219

AMAZON.COM SERVICES, INC.,
f/k/a AMAZON FULFILLMENT SERVICES, INC.,
    Serve:  Corporation Service Co.
              Registered Agent
              100 Shockoe Slip
              2nd Floor
              Richmond, Virginia 23219

AMAZON.COM, INC.,
    Serve:  Secretary of the Commonwealth
              1111 East Broad Street, 4th Floor
              Richmond, Virginia 23219

AMAZON.COM.KYDC LLC,

AMAZON.COM.KYDC, INC.,

CARAVAN GLOBAL, INC.,
     Serve: Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

CARAVAN GLOBAL, INC.,
d/b/a CARAVAN SPORTS,
     Serve: Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

CARAVAN GLOBAL, INC.,
d/b/a CARAVAN CANOPY,
     Serve: Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

CARAVAN CANOPY INTERNATIONAL, INC.,
     Serve: Secretary of the Commonwealth
           1111 East Broad Street, 4th Floor
           Richmond, Virginia 23219

CARAVAN SPORTS,

CARAVAN CANOPY,

CARAVAN GLOBAL WJC,

     Defendants.

## PLAINTIFF'S FIRST INTERROGATORIES AND
## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Your plaintiff, pursuant to Rules 4:8 and 4:9 of the Rules of the Supreme Court of

Virginia, calls on the defendants to file answers, in writing and under oath, to the following

interrogatories and request for production of documents, amending and/or supplementing them as

2

additional information becomes available, and to serve a true copy thereof on plaintiff's counsel, within 28 days after service thereof:

## DEFINITIONS

A.     These Interrogatories are continuing in character so as to require you to file supplemental answers if you obtain further or different information before trial.

B.     The terms "identify", "identity," "identifying" or "identification" shall mean:

(i)     With respect to a natural person, state his or her full name, last known address, home and business telephone number, occupation and business address.

(ii)     With respect to a firm, corporation, governmental agency or department, or artificial person, state its full name and location and the identity of the person at such firm, corporation, governmental agency or department, or artificial person having knowledge of the information requested;

(iii)     When applied to a writing, book, record, document, photograph, statement or recording, state the date prepared, author or preparer and recipients thereof, its present location and custodian thereof.

C.     Unless otherwise indicated, these Interrogatories refer to the time, places and circumstances of occurrence mentioned or complained of in the pleadings.

D.     Where information or knowledge in possession of a party is requested, such request, includes knowledge of the party's agent, employees, next friend, guardian, representatives and, unless privileged, his attorneys.

3

E.    The pronoun "you" refers to the party to whom these Interrogatories are addressed, and the persons mentioned in clause D.

F.    The terms "documents," or "writings" shall mean any papers, transcript, statement, book, report, memorandum, notes, correspondence, schedule, plat, map, or other records, containing information, written, typewritten, printed, orally transcribed or

G.    "Describe in detail" and "state specifically" shall mean to state what is requested to be described including each and every fact, omission, incident, event, condition or circumstance pertinent to the matter requested, and all opinions known and held concerning what is requested to be described, the identity of all persons having any knowledge of what is described, the identity of all documents relating to what is to be described and all relative dates and time periods.

H.    "Recordings" shall mean any format that is or contains still pictures, video, or audio.

## INTERROGATORIES

1.    Identify and describe the full corporate name, address and role of each entity involved in the manufacture, marketing, advertising, sale and shipping of the Caravan Sports Infinity Oversized Zero Gravity Chairs purchased by Kijewski and referenced in the Complaint.

**ANSWER:**

2.    Describe in detail how sales of Caravan Sports Infinity Oversized Zero Gravity Chairs purchased through the Amazon.com website were processed in 2015, including:

  a.  Which entity(ies) receives notice of the order and the subsequent steps taken to fulfill the order;

4

    b.  Where the chair(s) to fulfill the order are kept, stored or maintained and by whom;

    c.  How the chairs are processed, packaged and shipped for delivery, where that takes place and which entity(ies) does it.

**ANSWER:**


3.    Describe in detail how customer returns of Caravan Sports Infinity Oversized Zero Gravity Chairs were processed in 2015 and how the returned chairs were utilized, including:

    a.  Where the returns are sent by the customer;

    b.  Which entity takes receipt of the returned chair;

    c.  How a refund for any returned chair is processed, including which entity pays for the refund;

    d.  What is done with the returned chair after receiving it back from the customer; and

    e.  The process by which a returned chair is placed back into inventory/stock and sold again to another customer, including any repairs or refurbishment made prior to resale.

**ANSWER:**


4.    Describe in detail the weight rating for the Caravan Sports Infinity Oversized Zero Gravity Chair purchased by plaintiff and how that weight rating was determined, including all testing that was performed, how, where and by whom such testing was done and, if the weight rating for the Caravan Sports Infinity Oversized Zero Gravity Chairs has changed at any time from initial production through the present, what was the change, when was it made and why was such change made.

**ANSWER:**

5. Describe the manufacturing and assembly procedures for the Caravan Sports Infinity Oversized Zero Gravity Chairs that were sold to plaintiff, including torque specifications for all threaded fasteners used in the chairs and all quality control procedures, including check lists, test data and reports related to the chairs.

**ANSWER:**

6. Describe all governmental and industry laws, regulations, rules and standards applicable to the Caravan Sports Infinity Oversized Zero Gravity Chairs that were sold to plaintiff and everything that was done to ensure compliance with any such law, regulation, rule and standard.

**ANSWER:**

7. Describe in detail all prior problems or complaints, including warranty claims, customer feedback, reasons for return of a chair, requests for customer service, repair inquiries, reports of injuries or claims of any kind, received by or known about by you, made at any time prior to July 3, 2016, related to or regarding the Caravan Sports Infinity Oversized Zero Gravity Chairs, including the nature/subject of the complaint, who made the complaint, facts surrounding any incident complained of, to whom the complaint was made, when the complaint was made and what was done in response to the problem or complaint, including any failure analysis investigation conducted.

**ANSWER:**

6

8.    Describe and/or list annual sales data for the Caravan Sports Infinity Oversized Zero Gravity Chairs from the time it originally went on sale through the present, including the total number of chairs produced/manufactured each year, the total number of chairs sold each year, total production/manufacturing costs each year, the average cost to produce/manufacture each chair each year, the total numbers of chairs returned each year, the total number of returned chairs re-sold each year and the total profit for sales of the chair each year.

**ANSWER:**

9.    Identify each person whom you intend to call as an expert witness at trial, and for each such person, state the subject matter on which he or she is expected to testify, and state the substance of the facts and opinions to which he or she is expected to testify, and a summary of the grounds for each opinion.

**ANSWER:**

10.    Identify and provide contact information for the person signing your Answers to the Interrogatories and all persons who provided the facts upon which such Answers are based and for any such person who is employed by you, describe their role and responsibilities.

**ANSWER:**

11.    If you contend that Edward Kijewski was in any way negligent, or contributed to the incident sued upon, or in any way misused the subject chair, please describe in detail all facts supporting such contention.

**ANSWER:**

7

12.   For any response made by you to any allegation in Plaintiff's Complaint that is anything other than an unqualified "admit," state all facts and law that support your response.

**ANSWER:**

13.   For all documents and things responsive to Request for Production number 16, state the dates any such document or thing was first created, the dates when they were used, and which of the responsive documents, if any, you allege were provided to the plaintiff.

**ANSWER:**

## REQUESTS FOR PRODUCTION
### DEFINITIONS AND INSTRUCTIONS

A.   Whenever appropriate in this request, the singular form of a word shall be interpreted in the plural and vice versa.

B.   "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information which might otherwise be construed to be outside their scope.

C.   Wherever appropriate in this request, the masculine form of a word shall be interpreted as feminine and vice versa.

D.   The term "person" means any natural person, corporation, firm, partnership, or other legal entity.

E.      The term "you" refers to the party whom these Requests are addressed, and the persons mentioned in Clause D.

F.      "Document" refers to any written, recorded, or graphic matter, however produced or reproduced, including, but not limited to, all papers, books, documents, records, reports, files, writing, memoranda, letters (sent or received), contracts, including original documents, diagrams, charts, photographs, drafts and all generations and copies thereof where applicable, tape recordings, mechanical recordings or similar recordings and any log and/or transcript thereof, and any other tangible things of a similar nature, and including also manufactured drawings, including, but not limited to, sketches, shop drawing, blueprints and all other drawings. This term also includes any other tangible thing from or on which information can be obtained, translated, inscribed or memorialized in any way, by any means, regardless of technology or form.

G.      A document "relating to" any given matter means any document that constitutes, contains, discusses, embodies, reflects, identifies, states, refers to, confirms, or that is in anyway pertinent to that matter.

H.      The term "communication" includes every exchange of information by any means whatsoever.

I.      The term "thing" includes any sample, article, device or apparatus.

J.      "Identify" when used in reference to an individual person means to state his full name and present or last known address, his present or last known position and business affiliation at the time in question. "Identify" when used in reference to a corporation, partnership, sole proprietorship, or other business concern means to state his or its full name and

9

present business address.  "Identify" when used in reference to a document means to state the date, author, addresses, type of document (e.g., letter, memorandum, telegram, chart, etc.) and its present location or custodian.  "Identify" when used in reference to a communication, means to state the date and time of the communication, the place of making and the place of receipt of the communication, the substance of the communication, and the identity of each person participating in making, receiving, or referring to the communication.  "Identify" when used in reference to a thing means to state the name of the thing, its owner or manufacturer, a description of its functions and operation, a listing of any trade names, and numbers of features which distinguish the thing from other like things.

K.     To the extent you object to or claim a privilege with respect to the production of any document, in whole or in part, set forth in all reasons and the underlying factual basis for your objection or claim or privilege in sufficient detail to permit the Court to determine the validity of your objection or claim of privilege.

L.     Each request for production shall be construed to impose upon the party answering it the continuing obligation to supplement the answer thereto with documents that are discovered or come into your possession after you respond to this request.

<u>DOCUMENTS TO BE PRODUCED</u>

Produce all documents, tangible things and electronically stored information, including writings, drawings, graphs, charts, photographs, videos, emails, memoranda, correspondence, notes, letters, any internal or external communication, reports, invoices, and any other written or recorded document or thing, in any form, of, about, regarding or related to:

10

1.      All design, fabrication and assembly drawings and documents for the Caravan Sports Infinity Oversized Zero Gravity Chair.

2.      Materials and mechanical specifications for all fasteners used in the subject Caravan Sports Infinity Oversized Zero Gravity Chair.

3.      Fastener specifications, including but not limited to drawings, fastener dimensions and fastener grade for all threaded fasteners used in the Caravan Sports Infinity Oversized Zero Gravity Chair.

4.      Documents provided to or received from any third-party suppliers of any fasteners used in the manufacturing, assembly and repair of the Caravan Sports Infinity Oversized Zero Gravity Chair, including the supplier(s) designations for each fastener.

5.      Assembly procedures including torque specifications for all threaded fasteners used in the Caravan Sports Infinity Oversized Zero Gravity Chair.

6.      Quality Control (QC) procedures and documents including check lists, test data, and reports related to the Caravan Sports Infinity Oversized Zero Gravity Chair.

7.      All documents, videos, photographs, testing, raw data, reports, conclusions or any other document or thing regarding or related to the weight capacity/limit of the Caravan Sports Infinity Oversized Zero Gravity Chair.

8.      Any claim that the Caravan Sports Infinity Oversized Zero Gravity Chair "Supports 330 lbs" or has a weight rating or capacity of 330 lbs.

9.      Any claim that the Caravan Sports Infinity Oversized Zero Gravity Chair "Supports 350 lbs" or has a weight rating or capacity of 350 lbs.

10.    All testing done on the Caravan Sports Infinity Oversized Zero Gravity Chair to determine its weight rating or capacity.

11.    All Calculations, testing, stress analyses and finite element analyses associated with the weight rating or capacity of the Caravan Sports Infinity Oversized Zero Gravity Chair.

12.    All Calculations, testing, stress analyses and finite element analyses associated with any design changes to the Caravan Sports Infinity Oversized Zero Gravity Chair that increased or decreased the load capacity since the chair was originally manufactured.

13.    Any design changes to the Caravan Sports Infinity Oversized Zero Gravity Chair and the reasons for any such changes.

14.    Drawings and specifications for all fasteners that attach the seat frame to the legs on the Caravan Sports Infinity Oversized Zero Gravity Chair and any changes to that fastener since the date of original manufacture of the chair to present.

15.    All test data and reports, including repetitive loading or other fatigue related test data, for the Caravan Sports Infinity Oversized Zero Gravity Chair.

16.    All documents of any kind provided to customers with the Caravan Sports Infinity Oversized Zero Gravity Chair, including all warnings, use instructions, maintenance instructions, and assembly instructions.

17.    Any industry standards that the Caravan Sports Infinity Oversized Zero Gravity Chair is required to comply with and any documents that reflect compliance, efforts to comply or noncompliance with the standard(s).

18.     Any governmental law, rule, standard or requirement that the Caravan Sports Infinity Oversized Zero Gravity Chair is required to comply with and any documents that reflect compliance, efforts to comply or noncompliance with the law, rule, standard or requirement.

19.     Any other brands or names that the Caravan Sports Infinity Oversized Zero Gravity Chair is sold under or through.

20.     Any recall issued on the Caravan Sports Infinity Oversized Zero Gravity Chair or any of its component parts.

21.     All prior complaints, reported injuries, or claims regarding or related to the Caravan Sports Infinity Oversized Zero Gravity Chair or any of its component parts.

22.     All warranty claims made regarding the Caravan Sports Infinity Oversized Zero Gravity Chair.

23.     All returns of the Caravan Sports Infinity Oversized Zero Gravity Chair.

24.     All documents and things used to answer Interrogatory number 8 or which include the data that supports your answer to Interrogatory number 8.

25.     Returns of the Caravan Sports Infinity Oversized Zero Gravity Chair.

26.     All policies and procedures related to or regarding returns of the Caravan Sports Infinity Oversized Zero Gravity Chair.

27.     All policies and procedures related to or regarding repairing or reconditioning returned Caravan Sports Infinity Oversized Zero Gravity Chairs by you.

13

28.     All policies and procedures related to or regarding reselling returned Caravan Sports Infinity Oversized Zero Gravity Chair by you.

29.     All reports prepared by any expert you have retained in this matter.

30.     All raw data generated from any testing done by any expert you have retained in this matter.

31.     All raw data generated from any testing you have conducted regarding or related to the Caravan Sports Infinity Oversized Zero Gravity Chair

32.     Failure analysis investigations or reports.

33.     Documents, data and reports related to any hazard, safety, or failure modes and effects analyses (FMEA) related to the Caravan Sports Infinity Oversized Zero Gravity Chair.

34.     The insurance policies, including any declarations pages, for any insurance that provides coverage to you for plaintiff's Complaint.

35.     All communications with, to or from Edward Kijeswki.

36.     All communications with, to or from any other person or entity regarding Edward Kijewski or the subject matter and allegations in his Complaint.

37.     All documents and things regarding or related to Amazon.com order number 110-4085676-2688252.

38.     All documents and things regarding or related to the chair sold and shipped pursuant to Amazon.com order number 110-4085676-2688252.

14

39.     All documents and things regarding or related to Amazon.com order number 110-1709068-4031468.

40.     All documents and things regarding or related to the chair sold and shipped pursuant to Amazon.com order number 110-1709068-4031468.

41.     Any contracts, agreements, memorandums of understanding, terms, user agreements, or any other document or thing between any of the defendants regarding or related to the manufacturing, marketing, advertising, sales, processing, packaging and shipping of the Caravan Sports Infinity Oversized Zero Gravity Chair.

42.     Any documents and things regarding or related to the allegations and claims made in plaintiff's Complaint.

43.     Anything you may attempt to use or introduce as an exhibit or as evidence at the trial of this matter.

44.     Anything you contend evidences that Edward Kijewski caused or contributed to the incident complained of in his Complaint or that he misused the subject chair at any time.

EDWARD KIJEWSKI

Of Counsel

Elliott M. Buckner, Esq. (V.S.B. #45227)
M. Scott Bucci, Esq. (VSB# 42636)
Jeffrey N. Stedman, Esq. (VSB# 84496)
Cantor Stoneburner Ford Grana & Buckner, P.C.
7130 Glen Forest Drive, Suite 400
Richmond, Virginia  23226
Telephone: (804)644-1400
Facsimile: (804)644-9205

15

**SERVICE OTHER THAN BY VIRGINIA SHERIFF** Case No. **760CL18002655-00**
COMMONWEALTH OF VIRGINIA

## CITY OF RICHMOND Circuit Court

### EDWARD KIJEWSKI     v.     AMAZON.COM LLC

### AMAZON FULFILLMENT SERV. INC.
### CORPORATION SERVICE CO REG AGENT
**100 SHOCKOE SLIP      2ND FLOOR           RICHMOND, VA 23219**
is the name and address of the person upon whom service of the following is to be made:

*X* **Summons and Complaint; Interrogatories; Production of Documents**

I, the undersigned, swear/affirm that I am a private process server

ANN KNOBBE        2711 BUFORD ROAD #183        RICHMOND, VA 23235        (804) 467-6148

I am not a party to, or otherwise interested in, the subject matter in controversy in this case. I am 18 years of age or older.
I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

Date and time of service: **25 MAY 2018        9:50 A.M.**

Place of service: **100 SHOCKOE SLIP    RICHMOND, VA**
STREET ADDRESS CITY AND STATE

Method of service:

*X* **ACCEPTED BY RENE NORDQUIST – SVC AUTH LTR ATTACHED**

_May 25, 2018_
DATE

_Ann Knobbe_
SIGNATURE OF PROCESS SERVER – ANN KNOBBE

Commonwealth of VIRGINIA _____ City ___✓___ County of _Henrico_
Subscribed and sworn to/affirmed before me this day by Ann Knobbe.

_May 25, 2018_
DATE

_Patricia Folland Field_
NOTARY PUBLIC

VA CODE §§ 8.01-293, 8.01-320, 8.01-325        My commission expires _____

PATRICIA FOLLAND FIELD
NOTARY
PUBLIC
REG # 7711747
MY COMMISSION
EXPIRES
09/30/2020
COMMONWEALTH OF VIRGINIA

RECEIVED AND FILED
CIRCUIT COURT
MAY 30 2018
EDWARD F. JEWETT, CLERK
BY_____D.C.

**CERTIFICATE**
**OF**
**CORPORATION SERVICE COMPANY**

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Subsection 3(b) Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY,** a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1. It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2. (a)   Effective January 1, 2018 it maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

   (b)   Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships trusts and other entities, associations and persons which have designated it as agent for service of process.

   (c)   The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporation, limited liability company, partnership, trust and other entities, associations and person which have designated it as such agent are:

   Beverley L. Crump          Rene Nordquist
   Linda B. Liles             Dustin Kline
   Donna Creekmore

**WHEREFORE,** Corporation Service Company has caused its corporate name to be hereunto subscribed this _18_ day of December 2017.

CORPORATION SERVICE COMPANY

By: _____
    George A. Massih III, Vice President

The foregoing instrument was acknowledged before me this _18_ day of December 2017 by George A. Massih III

_____
Notary Public

My Commission Expires _6-16 2020_

# COMMONWEALTH OF VIRGINIA



## RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND  VA  23219

Virginia:                                        Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 002
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI  vs AMAZON.COM LLC
Service on: AMAZON FULFILLMENT SERV., INC      Attorney: BUCKNER, ELLIOTT M
            CORPORATION SERVICE CO.                      CANTOR STONEBURNER FORD GRANA
            REG AGENT                                    & BUCKNER P.C. 804-644-1400
            100 SHOCKOE SLIP
            2ND FLR
            RICHMOND VA 23219

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint
with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date  :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE**
**SECRETARY OF THE COMMONWEALTH**

Case No. ......CL18–2655..............

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

................................................ City of Richmond .............................................. Circuit Court

| Edward Kijewski | v. | Amazon.Com, LLC, Amazon Fullfillment Services, Inc. |
|---|---|---|
| | | Amazon.Com Services, Inc., et al |

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | [ ] Summons and Complaint | [ ] Notice |
|---|---|---|
| | | [ ] |

I, the undersigned Affiant, state under oath that
[ ] the above-named defendant    [×] ............................................ Amazon.Com, Inc. ............................................
    whose last known address is    [×] same as above  [ ] **Legal Dept., P. O. Box 81266, Seattle, WA 98108**
1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
    applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
    REQUIREMENT ON BACK)

........................................................................ is the hearing date and time on the attached process or notice (if applicable).

.......05/24/2018.......
DATE

State of ......VA.......    [ ] Party  [×] Party's Attorney  [ ] Party's Agent  [ ] Party's Regular and Bona Fide...

State of ......VA.......    [ ] City  [×] County of ...Henrico...

Acknowledged, subscribed and sworn to before me this day by ...Elliott M. Buckner...
    PRINT NAME OF SIGNATORY

........................................................................
DATE

[ ] Clerk  [ ] Magistrate  [×] Notary Public
Notary Registration No. ...219898... My commission expires: ...5-31-19...

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was
provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
    You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On ......MAY 3 1 2018............, legal service in the above-styled case was made upon the Secretary of the
    Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.  On ......JUN 0 4 2018............, papers described in the Affidavit and a copy of this Affidavit were forwarded by
    certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

........................................................................
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

RECEIVED AND FILED
CIRCUIT COURT
JUN 0 4 2018
EDWARD F. JEWETT, CLERK
BY ............ D.C.

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



## RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:                                    Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 005
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI  vs AMAZON.COM LLC
Service on: AMAZON.COM, INC
    SERVE SECY OF THE COMMONWEALTH
    1111 EAST BROAD STREET
    4TH FLOOR
    RICHMOND VA 23219

Attorney: BUCKNER, ELLIOTT M
CANTOR STONEBURNER FORD GRANA
& BUCKNER P.C. 804-644-1400

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date  :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

**SERVICE OTHER THAN BY VIRGINIA SHERIFF** Case No. <u>760CL18002655-00</u>
COMMONWEALTH OF VIRGINIA

## CITY OF RICHMOND Circuit Court

### EDWARD KIJEWSKI   v.   AMAZON.COM LLC

### AMAZON.COM INC,
### SERVE:  SECRETARY OF THE COMMONWEALTH
### 1111 EAST BROAD STREET      RICHMOND, VA 23219

is the name and address of the person upon whom service of the following is to be made:

✗ **Summons and Complaint; Interrogatories; Production of Documents**

I, the undersigned, swear/affirm that I am a private process server

ANN KNOBBE      2711 BUFORD ROAD #183      RICHMOND, VA 23235      (804) 467-6148

I am not a party to, or otherwise interested in, the subject matter in controversy in this case. I am 18 years of age or older.
I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

Date and time of service: **25 MAY 2018      10:05 A.M.**

Place of service: **1111 EAST BROAD STREET    RICHMOND, VA**
STREET ADDRESS CITY AND STATE

Method of service:

✗ **ACCEPTED BY MARIA OCHOA**

_May 25, 2018_
DATE

_Ann Knobbe_
SIGNATURE OF PROCESS SERVER – ANN KNOBBE

Commonwealth of VIRGINIA ____ City  ✓ County of _Henrico_
Subscribed and sworn to/affirmed before me this day by Ann Knobbe.

_May 25, 2018_
DATE

_Patricia Fallande Field_
NOTARY PUBLIC

VA CODE §§ 8.01-293, 8.01-320, 8.01-325      My commission expires _____



RECEIVED AND FILED
CIRCUIT COURT
MAY 3 0 2018
EDWARD F. JEWETT, CLERK
BY _____ D.C.

3

**SERVICE OTHER THAN BY VIRGINIA SHERIFF** Case No. **760CL18002655-00**
COMMONWEALTH OF VIRGINIA

## CITY OF RICHMOND Circuit Court

## EDWARD KIJEWSKI   v.   AMAZON.COM LLC

**AMAZON.COM LLC        CORPORATION SERVICE CO REG AGENT**
**100 SHOCKOE SLIP        2ND FLOOR        RICHMOND, VA 23219**
is the name and address of the person upon whom service of the following is to be made:

_X_ **Summons and Complaint; Interrogatories; Production of Documents**

I, the undersigned, swear/affirm that I am a private process server

ANN KNOBBE        2711 BUFORD ROAD #183        RICHMOND, VA 23235        (804) 467-6148

I am not a party to, or otherwise interested in, the subject matter in controversy in this case. I am 18 years of age or older.
I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

Date and time of service: **25 MAY 2018        9:50 A.M.**

Place of service: **100 SHOCKOE SLIP    RICHMOND, VA**
                STREET ADDRESS CITY AND STATE

Method of service:

_X_ **ACCEPTED BY RENE NORDQUIST – SVC AUTH LTR ATTACHED**

_May 25, 2018_                    _Ann Knobbe_
DATE                            SIGNATURE OF PROCESS SERVER – ANN KNOBBE

Commonwealth of VIRGINIA _____ City ✓ County of _Henrico_
Subscribed and sworn to/affirmed before me this day by Ann Knobbe.

_May 28, 2018_                    _Patricia Folland Field_
DATE                            NOTARY PUBLIC

VA CODE §§ 8.01-293, 8.01-320, 8.01-325        My commission expires _____

RECEIVED AND FILED
CIRCUIT COURT 830

MAY 3 0 2018

EDWARD F. JEWETT, CLERK
BY_____ D.C.

# CERTIFICATE
## OF
## CORPORATION SERVICE COMPANY

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Subsection 3(b) Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY,** a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1.  It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2.  (a)   Effective January 1, 2018 it maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

    (b)   Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships trusts and other entities, associations and persons which have designated it as agent for service of process.

    (c)   The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporation, limited liability company, partnership, trust and other entities, associations and person which have designated it as such agent are:

    Beverley L. Crump            Rene Nordquist
    Linda B. Liles               Dustin Kline
    Donna Creekmore

**WHEREFORE,** Corporation Service Company has caused its corporate name to be hereunto subscribed this _18_ day of December 2017.

CORPORATION SERVICE COMPANY

By: _____
George A. Massih III, Vice President

The foregoing instrument was acknowledged before me this _18_ day of December 2017 by George A. Massih III

_Janet B Wozuch_
Notary Public

My Commission Expires _6-16 2020_

# COMMONWEALTH OF VIRGINIA



### RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:                                    Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 001
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI  vs AMAZON.COM LLC
Service on: AMAZON.COM LLC
            CORPORATION SERVICE CO
            REG AGENT
            100 SHOCKOE SLIP
            2ND FLR
            RICHMOND VA 23219

Attorney: BUCKNER, ELLIOTT M
            CANTOR STONEBURNER FORD GRANA
            & BUCKNER P.C. 804-644-1400

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date  :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

SERVICE OTHER THAN BY VIRGINIA SHERIFF Case No. **760CL18002655-00**
COMMONWEALTH OF VIRGINIA

## CITY OF RICHMOND Circuit Court

## EDWARD KIJEWSKI   v.   AMAZON.COM LLC

### AMAZON.COM SERVICES, INC   F/K/A AMAZON FULFILLMENT SERVICES
### CORPORATION SERVICE CO REG AGENT
### 100 SHOCKOE SLIP        2ND FLOOR        RICHMOND, VA 23219

is the name and address of the person upon whom service of the following is to be made:

☒ **Summons and Complaint; Interrogatories; Production of Documents**

I, the undersigned, swear/affirm that I am a private process server

ANN KNOBBE         2711 BUFORD ROAD #183         RICHMOND, VA 23235         (804) 467-6148

I am not a party to, or otherwise interested in, the subject matter in controversy in this case. I am 18 years of age or older.
I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

Date and time of service: **25 MAY 2018        9:50 A.M.**

Place of service: **100 SHOCKOE SLIP    RICHMOND, VA**
                 STREET ADDRESS CITY AND STATE

Method of service:

☒ **ACCEPTED BY RENE NORDQUIST – SVC AUTH LTR ATTACHED**

_May 25, 2018_                _Ann Knobbe_
DATE                          SIGNATURE OF PROCESS SERVER – ANN KNOBBE

Commonwealth of VIRGINIA        City ✓County of _Henrico_
Subscribed and sworn to/affirmed before me this day by Ann Knobbe.

_May 25, 2018_                _Patricia Folland Field_
DATE                          NOTARY PUBLIC

VA CODE §§ 8.01-293, 8.01-320, 8.01-325        My commission expires _____

PATRICIA FOLLAND FIELD
NOTARY PUBLIC
REG # 7711747
MY COMMISSION EXPIRES
09/30/2020
COMMONWEALTH OF VIRGINIA

RECEIVED AND FILED
CIRCUIT COURT
MAY 3 0 2018
EDWARD F. JEWETT, CLERK
BY_____D.C.

**CERTIFICATE**
**OF**
**CORPORATION SERVICE COMPANY**

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Subsection 3(b) Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY,** a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1.  It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2.  (a)   Effective January 1, 2018 it maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

    (b)   Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships trusts and other entities, associations and persons which have designated it as agent for service of process.

    (c)   The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporation, limited liability company, partnership, trust and other entities, associations and person which have designated it as such agent are:

    Beverley L. Crump          Rene Nordquist
    Linda B. Liles             Dustin Kline
    Donna Creekmore

**WHEREFORE,** Corporation Service Company has caused its corporate name to be hereunto subscribed this _18_ day of December 2017.

CORPORATION SERVICE COMPANY

By: _____
George A. Massih III, Vice President

The foregoing instrument was acknowledged before me this _18_ day of December 2017 by George A. Massih III

_____
Notary Public

My Commission Expires _6-16 2020_

# COMMONWEALTH OF VIRGINIA



## RICHMOND CITY CIRCUIT COURT
### Civil Division
### 400 NORTH 9TH STREET
### RICHMOND VA 23219

Virginia:                                          Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 004
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI vs AMAZON.COM LLC
Service on: AMAZON.COM SERVICES, INC F/K/A ^Amazon^    Attorney: BUCKNER, ELLIOTT M
CORPORATION SERVICE CO.    Fulfillment    CANTOR STONEBURNER FORD GRANA
REG AGENT    Services    & BUCKNER P.C. 804-644-1400
100 SHOCKOE SLIP
2ND FLR
RICHMOND VA 23219

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint
with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date  :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

**SERVICE OTHER THAN BY VIRGINIA SHERIFF** Case No. **760CL18002655-00**
COMMONWEALTH OF VIRGINIA

## CITY OF RICHMOND Circuit Court

## EDWARD KIJEWSKI   v.   AMAZON.COM LLC

## AMAZON.COM SERVICES, INC   F/K/A AMAZON FULFILLMENT SERVICES CORPORATION SERVICE CO REG AGENT
## 100 SHOCKOE SLIP      2ND FLOOR      RICHMOND, VA 23219

is the name and address of the person upon whom service of the following is to be made:

*✗* **Summons and Complaint; Interrogatories; Production of Documents**

I, the undersigned, swear/affirm that I am a private process server

ANN KNOBBE          2711 BUFORD ROAD #183          RICHMOND, VA 23235          (804) 467-6148

I am not a party to, or otherwise interested in, the subject matter in controversy in this case. I am 18 years of age or older.
I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

Date and time of service: **25 MAY 2018      9:50 A.M.**

Place of service: **100 SHOCKOE SLIP    RICHMOND, VA**
STREET ADDRESS CITY AND STATE

Method of service:

*✗* **ACCEPTED BY RENE NORDQUIST – SVC AUTH LTR ATTACHED**

*May 25, 2018*
DATE

*Ann Knobbe*
SIGNATURE OF PROCESS SERVER – ANN KNOBBE

Commonwealth of VIRGINIA _____ City ___✓ County of ___ *Henrico* ___
Subscribed and sworn to/affirmed before me this day by Ann Knobbe.

*May 25, 2018*
DATE

*Patricia Folland Field*
NOTARY PUBLIC

VA CODE §§ 8.01-293, 8.01-320, 8.01-325          My commission expires _____

PATRICIA FOLLAND FIELD
NOTARY
PUBLIC
REG # 7711747
MY COMMISSION
EXPIRES
09/30/2020
COMMONWEALTH OF VIRGINIA

RECEIVED AND FILED
CIRCUIT COURT

MAY 3 0 2018

EDWARD F. JEWETT, CLERK
BY _____ D.C.

**CERTIFICATE**
**OF**
**CORPORATION SERVICE COMPANY**

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Subsection 3(b) Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY,** a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1. It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2. (a)    Effective January 1, 2018 it maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

   (b)    Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships trusts and other entities, associations and persons which have designated it as agent for service of process.

   (c)    The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporation, limited liability company, partnership, trust and other entities, associations and person which have designated it as such agent are:

   Beverley L. Crump          Rene Nordquist
   Linda B. Liles             Dustin Kline
   Donna Creekmore

**WHEREFORE,** Corporation Service Company has caused its corporate name to be hereunto subscribed this *18* day of December 2017.

CORPORATION SERVICE COMPANY

By: _____
George A. Massih III, Vice President

The foregoing instrument was acknowledged before me this *18* day of December 2017 by George A. Massih III

Notary Public _____

My Commission Expires *6-16 2020*

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Proof of Service

Virginia:
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 004
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI  vs AMAZON.COM LLC
Service on: AMAZON.COM SERVICES, INC F/K/A *Amazon* Attorney: BUCKNER, ELLIOTT M
          CORPORATION SERVICE CO. *Fulfillment*      CANTOR STONEBURNER FORD GRANA
          REG AGENT *services*                       & BUCKNER P.C. 804-644-1400
          100 SHOCKOE SLIP
          2ND FLR
          RICHMOND VA 23219

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint
with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date  :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

**SERVICE OTHER THAN BY VIRGINIA SHERIFF** Case No. <u>760CL18002655-00</u>
COMMONWEALTH OF VIRGINIA

## CITY OF RICHMOND Circuit Court

### EDWARD KIJEWSKI    v.    AMAZON.COM LLC

**AMAZON.COM SERVICES, INC        CORPORATION SERVICE CO REG AGENT**
**100 SHOCKOE SLIP        2ND FLOOR        RICHMOND, VA 23219**

is the name and address of the person upon whom service of the following is to be made:

✗ **Summons and Complaint; Interrogatories; Production of Documents**

I, the undersigned, swear/affirm that I am a private process server

ANN KNOBBE        2711 BUFORD ROAD #183        RICHMOND, VA 23235        (804) 467-6148

I am not a party to, or otherwise interested in, the subject matter in controversy in this case. I am 18 years of age or older.
I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

Date and time of service: **25 MAY 2018        9:50 A.M.**

Place of service: **100 SHOCKOE SLIP    RICHMOND, VA**
                STREET ADDRESS CITY AND STATE

Method of service:

✗ **ACCEPTED BY RENE NORDQUIST – SVC AUTH LTR ATTACHED**

*May 25, 2018*                    *Ann Knobbe*
    DATE                        SIGNATURE OF PROCESS SERVER – ANN KNOBBE

Commonwealth of VIRGINIA _____ City    ✓ County of _Henrico_
Subscribed and sworn to/affirmed before me this day by Ann Knobbe.

*May 25, 2018*                    *Patricia Folland Field*
DATE                        NOTARY PUBLIC

VA CODE §§ 8.01-293, 8.01-320, 8.01-325        My commission expires _____

RECEIVED AND FILED
CIRCUIT COURT
MAY 3 0 2018
EDWARD F. JEWETT, CLERK
BY___KM___D.C.

**CERTIFICATE**
**OF**
**CORPORATION SERVICE COMPANY**

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Subsection 3(b) Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY,** a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1. It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2. (a)   Effective January 1, 2018 it maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

   (b)   Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships trusts and other entities, associations and persons which have designated it as agent for service of process.

   (c)   The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporation, limited liability company, partnership, trust and other entities, associations and person which have designated it as such agent are:

   Beverley L. Crump          Rene Nordquist
   Linda B. Liles             Dustin Kline
   Donna Creekmore

**WHEREFORE,** Corporation Service Company has caused its corporate name to be hereunto subscribed this _18_ day of December 2017.

CORPORATION SERVICE COMPANY

By: _____
     George A. Massih III, Vice President

The foregoing instrument was acknowledged before me this _18_ day of December 2017 by George A. Massih III

_____
Notary Public

My Commission Expires _6-16 2020_

# COMMONWEALTH OF VIRGINIA



### RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:                              Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 003
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI  vs AMAZON.COM LLC
Service on: AMAZON.COM SERVICES, INC          Attorney: BUCKNER, ELLIOTT M
         CORPORATION SERVICE CO.                      CANTOR STONEBURNER FORD GRANA
         REG AGENT                                    & BUCKNER P.C. 804-644-1400
         100 SHOCKOE SLIP
         2ND FLR
         RICHMOND VA 23219

   Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint
with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date  :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

2

## AFFIDAVIT FOR SERVICE OF PROCESS ON THE SECRETARY OF THE COMMONWEALTH

Case No. CL18-2655

Commonwealth of Virginia    VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

City of Richmond ............................................................ Circuit Court

Edward Kijewski ......................... v. ......... Amazon.Com, LLC, Amazon Fullfillment Services, Inc.

................................................ Amazon.Com Services, Inc., et al

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | [ ] Summons and Complaint | [ ] Notice |
|---|---|---|
| | | [ ] |

I, the undersigned Affiant, state under oath that

[ ] the above-named defendant  [×] ........................ Caravan Global, Inc. d/b/a/ Caravan Canopy
whose last known address is   [×] same as above  [ ] ..14600 Alondra Blvd., La Mirada, CA 90638

1. [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A) applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2. [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE REQUIREMENT ON BACK)

........................................................................ is the hearing date and time on the attached process or notice (if applicable).

05/24/2018 ............................... ............................................
DATE   [ ] PARTY  [×] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND BONA ...

State of ..V.A.................... [ ] City [ ] County of ..HENRICO.......................

Acknowledged, subscribed and sworn to before me this day by ...Elliott M. Buckner..........
.................................................. PRINT NAME OF SIGNATORY

........................................... ..................................................
DATE   [ ] CLERK  [ ] MAGISTRATE  [×] NOTARY PUBLIC
Notary Registration No. 219898.......... My commission expires: 5-31-19

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
   You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

### CERTIFICATE OF COMPLIANCE

I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1. On ...............MAY 31 2018................, legal service in the above-styled case was made upon the Secretary of the Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2. On ...............JUN 01 2018................, papers described in the Affidavit and a copy of this Affidavit were forwarded by certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

.......................................................
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

RECEIVED AND FILED
CIRCUIT COURT

JUN 04 2018

EDWARD F. JEWETT, CLERK
BY ............................ D.C.

LORI C. TRACONA
NOTARY PUBLIC
REG # 219898
MY COMMISSION EXPIRES 5/31/2019
COMMONWEALTH OF VIRGINIA

# COMMONWEALTH OF VIRGINIA



## RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:                             Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 007
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI  vs AMAZON.COM LLC
Service on: CARAVAN GLOBAL, INC
SERVE SECY OF THE COMMONWEALTH
1111 EAST BROAD STREET
4TH FLOOR
RICHMOND VA 23219

Attorney: BUCKNER, ELLIOTT M
CANTOR STONEBURNER FORD GRANA
& BUCKNER P.C. 804-644-1400

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint
with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date  :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

3

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE**      Case No. CL18-2655
**SECRETARY OF THE COMMONWEALTH**
Commonwealth of Virginia      VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

City of Richmond                                    Circuit Court

Edward Kijewski                    v.    Amazon.Com, LLC, Amazon Fulfillment Services, Inc.

Amazon.Com Services, Inc., et al

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

Attachments:    [ ] Summons and Complaint       [ ] Notice
                                                [ ] ..........................................

I, the undersigned Affiant, state under oath that
[ ] the above-named defendant    [×] .....................Caravan Global, Inc. d/b/a/ Caravan Sports
    whose last known address is    [×] same as above [ ]   14600 Alondra Blvd., La Mirada, CA 90638
1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
        applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see ........
        REQUIREMENT ON BACK)

                                              is the hearing date and time on the attached process or notice.

05/24/2018
DATE                          [ ] PARTY  [×] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND BONA FIDE

State of  VA           [ ] City [✓] County of  Henrico
Acknowledged, subscribed and sworn to before me this day by  Elliott M. Buckner
                                                            PRINT NAME OF SIGNATORY

DATE                          [ ] CLERK   [ ] MAGISTRATE  [×] NOTARY PUBLIC
                              Notary Registration No. 219898    My commission expires: 5-31-19

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was
    provided to the clerk at the time of filing this Affidavit.

---

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
    You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
    of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
    certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
    seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:
1.  On  MAY 3 1 2018 ..................................., legal service in the above-styled case was made upon the Secretary of the
    Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.
2.  On  JUN 01 2018 ..................................., papers described in the Affidavit and a copy of this Affidavit were forwarded by
    certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

                                                                         RECEIVED AND FILED
                                                                         CIRCUIT COURT
                                                                              220
    SERVICE OF PROCESS CLERK, DESIGNATED                                  JUN 04 2018
    BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH
                                                                         EDWARD F. JEWETT, CLERK
                                                                         BY:  TI    D.C.

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



## RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND  VA  23219

Virginia:                                   Proof of Service
In the RICHMOND CITY CIRCUIT COURT

Case number: 760CL18002655-00
Service number: 008
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI  vs AMAZON.COM LLC
Service on: CARAVAN GLOBAL, INC D/B/A/ CAR          Attorney: BUCKNER, ELLIOTT M
         SERVE SECY OF THE COMMONWEALTH                    CANTOR STONEBURNER FORD GRANA
         1111 EAST BROAD STREET                            & BUCKNER P.C. 804-644-1400
         4TH FLOOR
         RICHMOND VA 23219


Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint
with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.


Hearing date  :
Service issued: Friday, May 25, 2018
_____

For Sheriff Use Only

**SERVICE OTHER THAN BY VIRGINIA SHERIFF** Case No. <u>760CL18002655-00</u>
COMMONWEALTH OF VIRGINIA

## CITY OF RICHMOND Circuit Court

## EDWARD KIJEWSKI   v.   AMAZON.COM LLC

## CARAVAN GLOBAL,  INC, d/b/A CARAVAN SPORTS
## SERVE:  SECRETARY OF THE COMMONWEALTH
## 1111 EAST BROAD STREET        RICHMOND, VA 23219

is the name and address of the person upon whom service of the following is to be made:

*A*__ **Summons and Complaint; Interrogatories; Production of Documents**

I, the undersigned, swear/affirm that I am a private process server

ANN KNOBBE            2711 BUFORD ROAD #183            RICHMOND, VA 23235            (804) 467-6148

I am not a party to, or otherwise interested in, the subject matter in controversy in this case. I am 18 years of age or older.
I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

Date and time of service: **25 MAY 2018        10:05 A.M.**

Place of service: **1111 EAST BROAD STREET    RICHMOND, VA**
STREET ADDRESS CITY AND STATE

Method of service:

*A* **ACCEPTED BY MARIA OCHOA**

*May 26, 2018*                       *Ann Knobbe*
DATE                                      SIGNATURE OF PROCESS SERVER – ANN KNOBBE

Commonwealth of VIRGINIA _____ City ___✓County of ___*Henrico*_____
Subscribed and sworn to/affirmed before me this day by Ann Knobbe.

*May 25, 2018*                       *Patricia Jolland Fried*
DATE                                      NOTARY PUBLIC

VA CODE §§ 8.01-293, 8.01-320, 8.01-325       My commission expires _____



RECEIVED AND FILED
CIRCUIT COURT *8:30*

MAY 3 0 2018

EDWARD F. JEWETT, CLERK
BY___*KM*___D.C.

2

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE**          Case No. ...CL18=2655...............................
**SECRETARY OF THE COMMONWEALTH**
Commonwealth of Virginia        VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

....................................................... City of Richmond ................................................................ Circuit Court

.................................... Edward Kijewski .................................   v.   Amazon.Com, LLC, Amazon Fullfillment Services, Inc.

.............................................................................................   Amazon.Com Services, Inc., et al

.............................................................................................

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments: | [ ] Summons and Complaint | [ ] Notice |
|---|---|---|
| | | [  ] |

I, the undersigned Affiant, state under oath that
[ ] the above-named defendant      [×] ....................................... Caravan Global, Inc. ...........................
   whose last known address is   [x] same as above [ ] ...14600 Alondra Blvd., LaMirada, CA. 90638....
1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
      applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).
2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
      REQUIREMENT ON BACK)

```
[                                    ]  is the hearing date and time on the attached process or notice (if applicable).
```

........05/24/2018........    ................................................................................
   DATE                    [ ] PARTY  [X] PARTY'S ATTORNEY  [ ] PARTY'S AGENT  [ ] PARTY'S REGULAR AND BONA FIDE EMPLOYEE

State of ....V.A....................   [ ] City [✓] County of ....Henrico....................

Acknowledged, subscribed and sworn to before me this day by ....Elliott M. Buckner....
                                                        PRINT NAME OF SIGNATORY

..............................................   ..............................................
   DATE              [ ] CLERK    [ ] MAGISTRATE   [✓] NOTARY PUBLIC
              Notary Registration No. ...214690...... My commission expires: ....5-31-19....

[×]  Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was
      provided to the clerk at the time of filing this Affidavit.

NOTICE TO THE RECIPIENT from the Office of the Secretary of the Commonwealth of Virginia:
      You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
      of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
      certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
      seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On ...MAY 3 1 2018......................................, legal service in the above-styled case was made upon the Secretary of the
    Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

    JUN 01 2019
2.  On ......................................................, papers described in the Affidavit and a copy of this Affidavit were forwarded by
    certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

RECEIVED AND FILED
CIRCUIT COURT

JUN 04 2018

EDWARD F. ......TT, CLERK
BY................ D.C.

......................................................
SERVICE OF PROCESS CLERK, DESIGNATED
BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

FORM CC-1418 (MASTER, PAGE ONE OF TWO) 07/13

# COMMONWEALTH OF VIRGINIA



### RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:
In the RICHMOND CITY CIRCUIT COURT

Proof of Service

Case number: 760CL18002655-00
Service number: 006
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI vs AMAZON.COM LLC
Service on: CARAVAN GLOBAL, INC
SERVE SECY OF THE COMMONWEALTH
1111 EAST BROAD STREET
4TH FLOOR
RICHMOND VA 23219

Attorney: BUCKNER, ELLIOTT M
CANTOR STONEBURNER FORD GRANA
& BUCKNER P.C. 804-644-1400

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date :
Service issued: Friday, May 25, 2018

For Sheriff Use Only

2

**AFFIDAVIT FOR SERVICE OF PROCESS ON THE**          Case No. ...... CL18-2655 ......
**SECRETARY OF THE COMMONWEALTH**
Commonwealth of Virginia      VA. CODE §§ 8.01-301, -310, -329; 55-218.1; 57-51

......................................... City of Richmond .......................................... | Circuit Court

......................................................
...... Edward Kijewski ......          v.      ...... Amazon.Com, LLC, Amazon Fullfillment Services, Inc. ......
......................................................      ...... Amazon.Com Services, Inc., et al ......
......................................................

---

TO THE PERSON PREPARING THIS AFFIDAVIT: You must comply with the appropriate requirements listed on the back of this form.

| Attachments:      [ ] Summons and Complaint          [ ] Notice |
|---|
|                                                       [ ] .......... |

I, the undersigned Affiant, state under oath that
[ ] the above-named defendant     [×] ......... Caravan Canopy International, Inc. ...........
     whose last known address is     [x] same as above [ ] ..14600 Alondra Blvd., LaMirada, CA 90638..

1.  [×] is a non-resident of the Commonwealth of Virginia or a foreign corporation and Virginia Code § 8.01-328.1(A)
     applies (see NON-RESIDENCE GROUNDS REQUIREMENT on page 2).

2.  [ ] is a person whom the party seeking service, after exercising due diligence, has been unable to locate (see DUE DILIGENCE
     REQUIREMENT ON BACK)

...................................................... is the hearing date and time on the attached process or notice.

......... 05/24/2018 .........     ...... [signature] ......
        DATE              [ ] PARTY [×] PARTY'S ATTORNEY [ ] PARTY'S AGENT [ ] PARTY'S REGULAR AND BON..

State of ...... V.A. ......     [ ] City [×] County of ...... Henrico ......

Acknowledged, subscribed and sworn to before me this day by ...Elliott M. Buckner...
                                                                    PRINT NAME OF SIGNATORY

......................................     ...... [signature] ......
        DATE              [ ] CLERK   [ ] MAGISTRATE   [×] NOTARY PUBLIC
                          Notary Registration No. ..219893.. My commission expires: ..5-31-19..

[×] Verification by the clerk of court of the date of filing of the certificate of compliance is requested. A self-addressed stamped envelope was
     provided to the clerk at the time of filing this Affidavit.

**NOTICE TO THE RECIPIENT** from the Office of the Secretary of the Commonwealth of Virginia:
     You are being served with this notice and attached pleadings under Section 8.01-329 of the Code of Virginia which designates the Secretary
     of the Commonwealth as statutory agent for Service of Process. The Secretary of the Commonwealth's ONLY responsibility is to mail, by
     certified mail, return receipt requested, the enclosed papers to you. If you have any questions concerning these documents, you may wish to
     seek advice from a lawyer.
SERVICE OF PROCESS IS EFFECTIVE ON THE DATE WHEN SERVICE IS MADE ON THE SECRETARY OF THE COMMONWEALTH.

**CERTIFICATE OF COMPLIANCE**
I, the undersigned, Clerk in the Office of the Secretary of the Commonwealth, hereby certify the following:

1.  On ...... MAY 3 1 2018 ......, legal service in the above-styled case was made upon the Secretary of the
     Commonwealth, as statutory agent for persons to be served in accordance with Section 8.01-329 of the Code of Virginia, as amended.

2.  On ...... JUN 01 2018 ......, papers described in the Affidavit and a copy of this Affidavit were forwarded by
     certified mail, return receipt requested, to the party designated to be served with process in the Affidavit.

......................................................
                SERVICE OF PROCESS CLERK, DESIGNATED
          BY THE AUTHORITY OF THE SECRETARY OF THE COMMONWEALTH

RECEIVED AND FILED
CIRCUIT COURT
JUN 04 2018
EDWARD F. JEWETT, CLERK
BY .......... D.C.

# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Virginia:
In the RICHMOND CITY CIRCUIT COURT

Proof of Service

Case number: 760CL18002655-00
Service number: 009
Service filed: May 25, 2018
Judge: JJT

Served by: SPECIAL PROCESS SERVER
Style of case: EDWARD KIJEWSKI vs AMAZON.COM LLC
Service on: CARAVAN CANOPY INTERNATIONAL,
SERVE SECY OF THE COMMONWEALTH
1111 EAST BROAD STREET
4TH FLOOR
RICHMOND VA 23219

Attorney: BUCKNER, ELLIOTT M
CANTOR STONEBURNER FORD GRANA
& BUCKNER P.C. 804-644-1400

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, May 25, 2018 with a copy of the Complaint with Interrogatories and Production of Documents filed Friday, May 25, 2018 attached.

Hearing date :
Service issued: Friday, May 25, 2018

For Sheriff Use Only